[No. 8909. Department One. November 10, 1910.]

PETER DENNY, *Respondent*, v. SEATTLE, RENTON &
SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

STREET RAILROADS—COLLISION WITH VEHICLE—NEGLIGENCE—EX-
CESSIVE SPEED. In an action for injuries sustained in a collision
of a street car with a vehicle, a nonsuit is properly denied, where
there was evidence that the car was running thirty-five or forty
miles an hour on a public street.

STREET RAILROADS—COLLISION WITH VEHICLE—CONTRIBUTORY NEG-
LIGENCE—EVIDENCE—SUFFICIENCY. In an action for injuries sus-
tained in a collision of a street car and plaintiff's wagon, the plain-
tiff is not guilty of contributory negligence, as a matter of law,
where, before crossing the track, he looked back and saw a car
approaching about two blocks away, and assumed that he had
time to cross, but before he could do so the rear wheel was struck
by the car running at the rate of thirty-five or forty miles per hour.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict
for $6,552.62 for the fracture of the skull and serious permanent
injury to an able-bodied young man in the vigor of youth is not
excessive.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered January 11, 1910, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by the driver of a
wagon through collision with a street car. Affirmed.

*Morris B. Sachs*, for appellant.

*Roberts, Battle, Hulbert & Tennant*, for respondent.

RUDKIN, C. J.—The defendant railway company owns
and operates a line of street railway on Rainier avenue, in the
city of Seattle. On the 10th day of May, 1909, the plain-
tiff drove his team along the easterly side of this avenue to
its intersection with Dearborn street, at which point he
turned into the latter street and proceeded to cross the tracks

[1]Reported in 111 Pac. 450.

upon which the defendant company operates its cars. Before doing so, however, he looked in both directions and saw one of the defendant's cars approaching at a distance of about two blocks to the north, and thinking that he would have ample time to cross the tracks before the car reached him, he proceeded on his way. As the team passed over the rails and while his wagon was about midway of the track upon which the car was approaching, the plaintiff observed the car coming towards him at a very high rate of speed, about 100 feet distant from him. He endeavored to get clear of the track before the car struck him, but failed. The car struck the hind wheel of the wagon, throwing the plaintiff to the street, causing a fracture of the skull and other injuries for which a recovery was here sought. A judgment in the sum of $6,552.62 was entered on a verdict in favor of the plaintiff, from which the defendant has appealed.

The appellant first assigns error in the denial of a motion for nonsuit, interposed at the close of the respondent's testimony, but this assignment is wholly without merit. There was ample testimony from which the jury might find that the car was running at the rate of thirty-five or forty miles per hour on a public street at the time of the injury, and that the motorman in charge of the car was guilty of gross and inexcusable negligence. On the other hand, we find nothing in the record upon which to predicate a charge of contributory negligence. There is certainly nothing to sustain such a charge as a matter of law. Error is assigned in the refusal of the court to give certain instructions requested by the appellant, but, waiving the objection that these refusals were not properly excepted to, there was no error in the rulings complained of. The several requests imposed entirely too high a degree of care on a traveler about to cross a street railway in a city. The denial of a motion for a new trial is assigned as error, chiefly on the ground that the verdict is excessive. The respondent, an able-bodied young man in the vigor of youth, was seriously and permanently in-

jured, and the verdict is well within the testimony.    The
judgment is therefore affirmed.

MOUNT, GOSE, FULLERTON, and PARKER, JJ., concur.