[No. 15998.    Department One.    January 3, 1921.]

J. P. Nabours, *Respondent*, v. The City of Seattle, *Appellant*.[1]

Street Railroads (20, 30) — Collisions — Contributory Negli-
gence—Drivers of Vehicles—Question for Jury.   The driver of
a truck was not guilty of contributory negligence, as a matter of
law, in attempting to cross street car tracks at a street intersection,
when he looked and saw a street car approaching six hundred feet
away, and considered, as did a third person, that he had time to
cross, which was error owing to the unlawful speed of the street
car; and city ordinances giving the street car company the right
of way and making it unlawful to obstruct the track, do not affect
the matter.

Appeal from a judgment of the superior court for
King county, Frater, J., entered April 24, 1920, grant-
ing plaintiff a new trial, after a nonsuit, in an action
for personal injuries sustained in a collision between
a street car and an auto truck.   Affirmed.

*Walter F. Meier* and *Frank S. Griffith,* for appellant.
*Shorett, McLaren & Shorett,* for respondent.

Mackintosh, J.—At the conclusion of respondent's
case, which was one for the recovery of damages for
personal injuries, the court granted the appellant's
motion for a nonsuit on the ground that the respond-
ent had been guilty of contributory negligence, as a
matter of law.   Thereafter the respondent's motion
for a new trial was granted, and from that disposition
of the matter, the case is here on appeal.

The sole question for consideration is whether the
court originally erred in determining, as a matter of
law, that the respondent was not entitled to succeed by
reason of his contributory negligence.   The facts are

[1]Reported in 194 Pac. 800.

these: On September 2, 1919, the respondent was driving in Seattle a small truck, loaded with lumber, weighing about one ton. He was proceeding easterly on Oregon street, which is an unpaved, sandy street, and which approaches California avenue at an up grade of two and 2/10 per cent. California avenue is a paved street, running north and south, intersecting Oregon street at right angles, and approaching Oregon street from the north at a down grade of four and 3/10 per cent.

The respondent was thoroughly familiar with the locality, and as he approached California Avenue, he was driving about four miles an hour. When about fifty feet from the car tracks on California Avenue, he looked to the north and saw a street car approaching. The car was then between five hundred and six hundred feet north of the intersection of Oregon street and California Avenue. Respondent knew that cars ran quite rapidly on this portion of California Avenue, although the limit of speed fixed by the city ordinance was twenty miles per hour. One witness testified that, when the street car was six hundred feet north of the intersection, it was traveling at a rate of thirty miles per hour. After having looked to the north, respondent looked to the south to see if there were any vehicles approaching from that direction. Without again looking to the north, whence the street car was approaching, he proceeded to cross California Avenue. At the time, there was a lady standing on the southeast corner of California Avenue and Oregon street, intending to cross to the west side of the avenue. She looked to the north, as did the respondent, and thinking that the street car was so far up the hill that she had ample time to cross, proceeded to cross the street, starting at the same time as the respondent. When

she got to the middle of the street, she testified: "I was over next to the track and I heard the gong ringing very rapidly, and I looked up and it was so near that I stepped back." She further testified that, at this time, the street car was about one hundred feet away. The respondent testified that, at the rate of speed at which he was proceeding, he could have stopped his car in the distance of eighteen inches.

The track which the street car was using was not in the center of California Avenue, but somewhat nearer the west side, the side nearest the respondent. When the respondent first heard the gong of the street car, the car was then about one hundred feet from him. He then attempted to turn his machine to the right to get off the track, but the street car overtook him and carried the truck a distance of some sixty feet before it was stopped.

It appears from the testimony of these two witnesses that both had conducted themselves in exactly the same manner. They had each looked before attempting to cross the street to the north, and each had seen the car at a distance of about six hundred feet from the intersection; they both had estimated that they could cross the street in safety before the car would reach the intersection. The lady, walking at a slightly less rate of speed than the truck was going, and having a little farther to go, concluded that she was perfectly safe in proceeding. They each had gone approximately the same distance when they were attracted by the ringing of the gong on the street car, and each, looking up, saw the car at the same instant and at the distance of about one hundred feet from them. The lady was able to step back from the street car track and avoid injury; the motor truck had at the time arrived upon the street car tracks, and it was impossible to

stop and avoid collision. The only possible escape from accident was to speed up the truck and attempt to get it out of the way of the oncoming street car, and this respondent was unable to do.

Under these facts, it does not seem possible to say, as a matter of law, the respondent was guilty of such contributory negligence that his case should not be passed on by the jury. The reports are filled with personal injury cases which, on their faces, are more or less similar to the facts in this case, and to review those cases, one by one, pointing out the slight differences of fact, would be merely to catalogue the cases without establishing any new legal principle. The rule is stated in *Golay v. Northern Pac. R. Co.*, 105 Wash. 132, 177 Pac. 804, 181 Pac. 700, in reference to the crossing of steam railway tracks, where the person crossing is generally held to a more rigid standard of precaution than is one crossing a street railway, that:

"A pedestrian or driver of any vehicle cannot recover for injuries occasioned by a car or train when the evidence discloses that he approached the track where he could have, had he looked in that direction, observed an approaching car or train, but did not look and proceeded into the zone of danger without taking any reasonable precaution to avoid the collision . . . "

but that,

"Where the pedestrian or driver of a vehicle has approached the railroad track and has exercised some degree of care and caution in attempting to apprise himself of the approach of a car or train . . ."

then,

"When he has looked or listened and has not seen nor heard the car or train approaching, or when he has looked and has seen the car or train approaching and has not been able, by reasonable care, to determine the speed of its approach, he has the right then to as-

sume that the railroad company will not place a car or train within striking distance of him by operating such car or train at an unlawful rate of speed. There is then presented a question of fact for the jury to determine whether he has exercised a reasonable degree of care and caution for the purpose of his self-protection."

See, also, on this point *Johnson v. Seattle, ante* p. 487, 194 Pac. 417.

The court cannot say, as a matter of law, that respondent had not taken reasonable steps to insure his safety, and that reasonable minds could not differ on the question, when the evidence discloses that another person, at the same time and under the same circumstances, had acted in an exactly similar manner.

The evidence, as presented by the respondent, shows that the street car must have been exceeding a lawful rate of speed, and it was for the jury to say whether, under all the circumstances, the respondent's conduct amounted to contributory negligence.

Among the great number of cases which this court has passed on involving the determination of the question of whether a plaintiff's conduct has, as a matter of law, precluded him from recovery, the one of *Denny v. Seattle, Renton etc. R. Co.,* 60 Wash. 426, 111 Pac. 450, seems to most nearly approximate the case at bar. The facts in that case showed that the plaintiff, as he turned into the street, looked in both directions and saw one of the defendant's cars approaching at a distance of about two blocks, and, thinking that he had ample time to cross the tracks in safety, proceeded on his way. When he was about midway over the track, the plaintiff observed the car coming towards him at a very high rate of speed and about one hundred feet distant from him. He attempted to get clear of the track, but failed and was struck by the car. The court said:

"There was ample testimony from which the jury might find that the car was running at the rate of thirty-five or forty miles per hour on a public street at the time of the injury, and that the motorman in charge of the car was guilty of gross and inexcusable negligence. On the other hand, we find nothing in the record upon which to predicate a charge of contributory negligence. There is certainly nothing to sustain such a charge as a matter of law."

In *Keefe v. Seattle Elec. Co.*, 55 Wash. 448, 104 Pac. 774, where the plaintiff, who was the driver of a wagon, attempted to cross the street car track upon which he saw a car about a block distant. The court said:

"In cases such as we have here, the proximity or remoteness of the car, its speed, the time of day, the condition of the track, the clearance or congestion of the street, are all circumstances to be considered. For, if the rule was that a party had no right to drive on or over a street railway track if he could see a car approaching, he could never attempt to cross a track in a crowded part of the city. This rule would operate to deprive the individual and the driver of a vehicle of his equal right to the use of the street, and give a street car company an absolute right of way."

In arguing in support of the nonsuit, the appellant refers to an ordinance of the city of Seattle, which provides that:

"Drivers when approaching street intersections shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point; Provided, however, that street cars shall have the right of way at all times at such street intersection."

And to another section of the ordinance reading:

"Except as provided in section 38 hereof, street railway cars shall be entitled to the track and to the right of way thereon. It shall be unlawful for any person to wilfully or purposely obstruct, hinder, delay

or in any way interfere with any street railway cars, by placing or driving any team, vehicle, or obstacle in, along, upon, across, or near the tracks of said street railways in any manner so as to obstruct or interfere with the movement and operation of the same, after being notified by the motorman or conductor, by the ringing of the gong or otherwise.''

The appellant argues that respondent violated these sections and therefore was guilty, as a matter of law, of contributory negligence. Under the testimony as we have recited it, it does not appear that the respondent can be said to have committed such an infraction of these ordinance provisions as to amount in law to contributory negligence. To hold that his conduct had such effect would be tantamount to holding that street cars might be operated at any rate of speed by reason of the fact that they were given the right of way upon their tracks and at street intersections. This is not the intent nor proper interpretation of the ordinance.

The trial court was correct in granting the motion for a new trial, and its judgment will be affirmed.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.