[No. 18044.   Department Two.   September 14, 1923.]

GEORGE HENRY SPARLING *et al.*, *Respondents*, v. THE
CITY OF SEATTLE, *Appellant*.[1]

STREET RAILROADS (20, 34)—ACCIDENTS AT CROSSINGS—CONTRIB-
UTORY NEGLIGENCE—INSTRUCTIONS.   In an action to recover for a
collision between a street car and an automobile, it is not error to
refuse instructions to the effect that plaintiff could not deliberately
drive upon the street car tracks without precautions as to an ap-
proaching car, where by other instructions the duty of the plaintiff
as to the exercise of caution and care as to approaching street cars
was fully set out.

SAME (20, 34)—CONTRIBUTORY NEGLIGENCE—DRIVER OF AUTOMO-
BILE—RIGHT OF WAY—INSTRUCTIONS.   In an action to recover for a
collision between a street car and an automobile it is not error to
refuse a requested instruction to the effect that there can be no re-
covery if plaintiff violated a traffic ordinance giving street cars an
absolute right of way over automobiles at street intersections; and
the jury is properly instructed that such ordinance did not mean
that street cars were to have the absolute right of way or that the
motorman could proceed without regard to the safety of others, but
must at all times exercise reasonable care toward others who are
negligent, and that plaintiff must be constantly on the alert to avoid
entering upon the track at a point of danger, and that the motor-
man must exercise reasonable care to avoid injury to one who was
in apparent danger.

SAME (20)—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.
It cannot be said to be negligence *per se* to violate an ordinance
giving the absolute right of way to street cars at street intersec-
tions; and the jury may find that there was no contributory neg-
ligence where plaintiffs came to a full stop and could see no street
car for a full block and could therefore presume that they could cross
the tracks in safety.

DAMAGES (80)—PERSONAL INJURIES—EXCESSIVE VERDICT.   A ver-
dict for personal injuries for $18,460, reduced by the trial court to
$15,960, will not be set aside as excessive, where medical, hospital
and household expenses amounted to about seven thousand dollars,
plaintiff was confined to her bed for over seven months, has moved
only on crutches, and will be a cripple for life.

Appeal from a judgment of the superior court for
King county, Bell, J., entered February 8, 1923, upon

[1]Reported in 218 Pac. 200.

the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through collision with a street car. Affirmed.

*Thomas J. L. Kennedy* and *Edwin C. Ewing,* for appellant.

*Walter S. Fulton* and *Stanley J. Padden,* for respondents.

PEMBERTON, J.—This is an action for damages for injuries received by reason of a collision between a street car and the automobile of·respondents. Fifteenth avenue north, in the city of Seattle, runs north and south and is intersected by East Roy street, running east and west. In the morning of November 16, at about one a. m., the respondents were riding in their automobile along East Roy street, going west towards Fifteenth àvenue north. They were returning to their home on Malden avenue, about two blocks from the place of the accident. The asphalt street was wet and slippery.

It is claimed by respondents that, as they approached Fifteenth avenue north, they were moving at a rate of speed approximately fifteen miles per hour; that, because of an obstruction of laurel bushes, both to the right and to the left, they were unable to see along Fifteenth avenue until they came into the intersection of the street; that, at a point about thirty-nine feet back from the east curb of Fifteenth avenue north, they brought their car to a full stop in order to permit a taxicab to pass north on Fifteenth avenue. Respondents at this time looked north through the bushes and could see for the distance of a block, at which time the street car was not in sight. They proceeded at about eight miles an hour, and hearing the sound of an automobile from the south, Dr. Sparling, the driver of

the automobile, turned his attention toward the south until he came upon Fifteenth avenue, and after obtaining an unobstructed view to the south, he again looked north and for the first time, when they were about three feet from the easterly line of the car track, saw a street car not over seventy-five feet away approaching at a speed of from thirty-five to forty miles per hour. Recognizing that he could not cross, he turned his car to the left or south, passing into the space between the tracks, and the street car crashed into it. The automobile was shoved broadside between the tracks for about thirty feet and then slipped forward toward the curb, both left wheels being crushed, and continued along the curb, striking a telephone pole with such force that the crank shaft entered the pole to the depth of about six inches, and the pole was bent over to the extent that there was about six inches of open space in the ground on the north side of its base. This telephone pole is about ninety feet from the point of the collision. The street car did not come to a full stop until it had reached the extent of two hundred and twenty feet south of the place of the accident.

It is claimed by respondents that there was no bell or warning signal given upon the approach of the street car; that there were no passengers on the car and the front door was open so that they could see the bright lights within the car, and they saw the motorman standing talking with some one behind him. It is claimed that, with the door of the car open, the vestibule of the street car where the motorman stood would be flooded with light to the extent that the reflection upon the front window would blind the motorman's view ahead of the street car, and that according to the type of the street car in question it could have been stopped within the distance of sixty feet.

It was admitted that the motorman knew that this corner of Roy street and Fifteenth avenue north was what is known as a blind and dangerous corner and that it was necessary to approach it in a cautious manner, and that, if he had seen the automobile, he could have stopped in time to avoid hitting the same, but did not know of the presence of the automobile until the accident occurred.

Appellant denies the material allegations of the complaint and pleads the affirmative defense of contributory negligence. The jury rendered a verdict for respondents in the amount of $18,460. Upon motion the trial court reduced the amount and entered judgment in the sum of $15,960, from which judgment this appeal is taken.

The appellant requested the court to give the following instructions to the jury:

"You are instructed that the driver of an automobile may not deliberately drive upon or toward the street car tracks of the defendant when it is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing had he looked, when common prudence demanded that he give some part of his attention to his own safety, and if you find from the evidence that the plaintiffs in this case deliberately drove their automobile upon the street car tracks of the defendant without seeing said car until they were about to drive upon such tracks, when by the exercise of reasonable and ordinary care they could have seen said street car in time to have stopped their automobile or otherwise have avoided the collision, then said plaintiffs were guilty of negligence and your verdict must be for the defendant, the city of Seattle.

"You are further instructed that one driving a vehicle such as an automobile across or upon the street car tracks on a public highway is as much under the duty of keeping a lookout as is the operator of one of the

street cars, and with the knowledge that street cars have the right of way and cannot be instantly stopped to avoid an accident, it becomes the duty of the driver of an automobile operating over the street car tracks to use every means which a reasonably prudent person would use under the circumstances to avoid a collision.''

The court fully instructed the jury to the effect that there could be no recovery by respondents if they failed to exercise that degree of care which reasonably prudent and cautious persons would have exercised under similar conditions and circumstances, and that, if the respondents actually saw, or in the exercise of reasonable care and caution could have seen, the approaching street car in time to have avoided the collision, or if respondents heard or should have heard, in the exercise of reasonable care, the warning sound, if any was given, in time to avoid a collision, there could be no recovery; and further told the jury that, before respondents could recover, it must be established ''that plaintiffs were vigilant and constantly on the alert to avoid entering upon the track when a street car was approaching the point where the plaintiffs were contemplating crossing the track, and this in the light of the circumstance that the street car could only operate upon a fixed and definite path, with no possibility of turning to the right or the left, and of the further circumstance that a heavy and bulky vehicle as a street car is not capable of being stopped and controlled with the same facility as an automobile or some other lighter vehicle.'' There was no error in the refusal to give the requested instructions.

Appellant next insists that the court erred in refusing to give requested instruction number 11, as follows:

"You are instructed that on the 15th day of November, 1921, there was in full force and effect Ordinance No. 41695 of the city of Seattle, Section 73 of which is as follows:

" 'Drivers when approaching the street intersections shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point; Provided, however, that street cars shall have the right of way at all times at such intersections.'

"If you find from the evidence in this case that the plaintiffs failed and neglected to afford the right of way to the street car at the intersection where the accident occurred, and that such failure contributed to and was the proximate cause of any injury which plaintiffs may have suffered, then I instruct you that plaintiffs were guilty of contributory negligence and your verdict should be for the defendant."

and in giving the following instruction:

"You are instructed that on the 15th day of November, 1921, there was in full force and effect Ordinance No. 41695 of the city of Seattle, Section 73 of which is as follows:

" 'Drivers when approaching the street intersections shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point; Provided, however, that street cars shall have the right of way at all times at such intersections.'

"This does not mean, however, that defendant's street car had an absolute right of way and that defendant's motorman could proceed without regard to the safety of plaintiffs, or that plaintiffs entered upon the car track at an absolute risk of injury. The motorman must at all times exercise reasonable care towards any others he may know or whom he should reasonably know are upon the intersection and approaching a point of danger. It means rather that to attain the exercise of reasonable care it must be proven that plaintiffs were vigilant and constantly on the alert to avoid entering upon the track when a street car was approaching the point where plaintiffs were contem-

plating crossing the track, and this in the light of the circumstances that the street car could only operate upon a fixed and definite path, with no possibility of turning to the right or the left, and of the further circumstances that a heavy and bulky vehicle as a street car, is not capable of being stopped and controlled with the same facility as an automobile or some other lighter vehicle, and if you believe from a fair preponderance of the evidence and all the circumstances you may deem proven that plaintiffs were not exercising reasonable care in the light of this rule of law outlined in this instruction, and the circumstances mentioned and any other pertinent circumstances you may deem proven, or that knowing that the street car was approaching they failed to yield the right of way, then plaintiffs were guilty of contributory negligence and cannot recover.

"The duty was placed by this ordinance primarily upon plaintiffs to yield the right of way, but it was, nevertheless, the duty of the motorman of defendant to use reasonable care to prevent placing plaintiffs in a position of danger, and to prevent injury to them when it became apparent that they actually were not, for any reason, giving way or yielding the right of way to the street car."

and insists "if this instruction of the trial court correctly states the law, then there is no such thing as the right of way, so far as street cars are concerned."

The court tells the jury it must be proven that the respondents were vigilant and constantly on the alert to avoid entering upon the track when the street car was approaching, and if they were not exercising reasonable care they would be guilty of contributory negligence, and even though the duty was placed primarily upon the respondents to yield the right of way, nevertheless it was the duty of the motorman to use reasonable care when it is apparent that respondents were in a position of danger and were not, for any reason, yielding the right of way to the street car. We

are satisfied that this is the law applicable to the facts in this case.

Appellant insists that respondents violated ordinance number 41,695 of the city of Seattle granting the right of way to street cars at all times at street intersections, and that such violation is negligence *per se* and fully establishes the contributory negligence of respondents as a matter of law, relying upon the following cases: *Bowden v. Walla Walla Valley R. Co.,* 79 Wash. 184, 140 Pac. 549; *Herrett v. Puget Sound T., L. & P. Co.,* 103 Wash. 101, 173 Pac. 1024; *Harris v. Seattle,* 118 Wash. 327, 203 Pac. 943; *Helliesen v. Seattle Elec. Co.,* 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Elec. Co.,* 65 Wash. 291, 118 Pac. 51; *Beeman v. Puget Sound T., L. & P. Co.,* 79 Wash. 137, 139 Pac. 1087.

We said in the case of *Plastino v. Seattle,* 119 Wash. 195, 205 Pac. 404, that:

"It is not so much a mere question of Plastino's seeing the south-bound car at a more or less comparatively long distance to the north; but it is a question of his using reasonable caution to look and determine whether or not any street car was approaching from the north within such a distance as to make it dangerous for him to proceed across the west track. While the testimony of the witnesses is in conflict as to whether the motorman on the south-bound car timely rang his bell on approaching Sixty-first street, we think the jury were warranted in believing that no such signal was timely given. Our recent decisions in *Coons v. Olympia Light & Power Co.,* 111 Wash. 677, 191 Pac. 769; *Johnson v. Seattle,* 113 Wash. 487, 194 Pac. 417; *Nabours v. Seattle,* 113 Wash. 557, 194 Pac. 800; and *Goldsby v. Seattle,* 115 Wash. 566, 197 Pac. 787, it seems to us are decisive in favor of Plastino upon the question of whether or not he was, as a matter of law, guilty of contributory negligence."

In the *Plastino* case, *supra,* the court gave the following instruction:

" 'But the failure to look and listen at a street crossing before crossing the street does not constitute negligence as a matter of law.' "

Passing upon this instruction, we said:

"We must remember that this was a collision between a street car and an automobile, and not between an ordinary railroad train and an automobile. More than that, it occurred within a street intersection, where, manifestly, the degree of care to be exercised by the respective operators of the street car and the automobile was substantially equally reciprocal, though the street car may have had the right of way."

Under the testimony the jury were entitled to believe from the evidence that respondents brought their automobile to a full stop before entering the intersection of the streets at the place of the accident, and looked north and could see for a full block, and determined that there was no street car in sight. Thereupon they had the right to presume that there would be sufficient time to cross the street car track, and this they could have done had the motorman operated the street car in a reasonably cautious and lawful manner, and they cannot therefore be held guilty of contributory negligence as a matter of law. The jury under, the facts in this case, found that the proximate cause of the injury was the negligence of appellant in the operation of the street car in question, and respondents were exercising reasonable care to avoid entering upon the track when a street car was approaching.

Appellant insists that the verdict, being in a larger amount than the proof would authorize, shows clearly that it is the result of passion and prejudice on the part of the jury. It is testified that medical and hospital expenditures for the care of Mrs. Sparling amounted to $6,575, and $400 for additional household expenses. Mrs. Sparling was confined to her bed for seven and

one-half months. For eleven months she has not moved except on crutches and will be a cripple for life. Counsel for appellant stated to the jury that respondents were entitled to every cent claimed if they were entitled to anything.

"If passion and prejudice are to be inferred from the mere size of the verdict, or it appears to be for such an amount as to seem penal rather than compensatory, the trial judge, who saw plaintiff and could more truly measure his condition and the probable consequences of his injuries, has exercised that discretion which many consider to be doubtful and all agree should be rarely exercised." *Lynch v. Northern Pac. R. Co.,* 67 Wash. 113, 120 Pac. 882.

We are satisfied that the trial court properly found against the contention that the verdict was the result of passion and prejudice.

The judgment is supported by the evidence and is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PARKER, JJ., concur.