[No. 18263.  Department One.  December 13, 1923.]

ZILPHA E. RADFORD *et al., Respondents,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

STREET RAILROADS (13, 33)—COLLISION WITH VEHICLE—RATE OF
SPEED—INSTRUCTIONS. An instruction that, although a city ordinance
prescribed a speed limit for street cars, it was for the jury to de-
termine whether a car at the time of a collision was being operated
at a reasonable rate of speed, is not objectionable as permitting the
jury to determine the reasonableness of the ordinance, since a
speed less than the maximum speed may be negligent.

SAME (13, 33)—COLLISION WITH VEHICLE—RIGHT OF WAY—IN-
STRUCTIONS. It is proper to give an instruction to the effect that a
street car's right of way at street intersections is not absolute, but
that the same must be ceded under certain circumstances.

SAME (13, 20)—COLLISION WITH VEHICLE—RIGHT OF WAY—CON-
TRIBUTORY NEGLIGENCE. Under Rem. Comp. Stat., § 6340, providing
that drivers approaching highway intersections shall look out for
and give right of way to simultaneously approaching vehicles on
the right, except that street cars shall at all times have the right
of way, the rule that a driver approaching on the left, who looks
out and exercises ordinary care, is not guilty of contributory
negligence as a matter of law, if he is unable to discover the ap-
proaching vehicle on the right, applies also to street cars, as well
as to other vehicles.

Appeal from a judgment of the superior court for
King county, Smith, J., entered June 7, 1923, upon the
verdict of a jury rendered in favor of the plaintiffs, in
an action for personal injuries sustained in a collision
between an automobile and a street car.  Affirmed.

*Thomas J. L. Kennedy, Edwin C. Ewing,* and
*George A. Meagher,* for appellant.

*Carkeek, McDonald, Harris & Coryell,* for respond-
ents.

MACKINTOSH, J.—This is a personal injury action
arising out of a collision between a street car owned

[1]Reported in 221 Pac. 597.

and operated by the appellant and an automobile owned by the respondent and operated at the time by the respondent wife. Trial resulted in a verdict in favor of the respondents, upon which judgment was entered and appeal is taken.

The first point urged on behalf of the appeal is that the evidence of appellant's negligence was insufficient to warrant its submission to a jury and that the respondent's contributory negligence was established, and consequently appellant's challenge to the sufficiency of the evidence by motion for nonsuit and its motion for judgment notwithstanding the verdict should have been granted.

The collision occurred at a street intersection, and it will suffice to say that there was evidence of the negligence of the motorman in failing to keep the proper lookout and in operating his car at a rate of speed which, under the circumstances, was negligent, and that the testimony does not appear to show that the respondents were guilty of contributory negligence. It is unnecessary to set out in detail the testimony, as it is of no assistance in establishing any rule of law, merely encumbers the reports and, in the final analysis, as we have said before, each one of these personal injury cases rests largely upon its particular facts, and only confusion is created by placing in the books numberless statements of facts to be later referred to and cited as being similar or dissimilar to the facts presented in subsequent appeals.

The court instructed the jury, in effect, that, although a city ordinance might prescribe the limit of speed at which street cars might be operated, it was a question for the jury to determine whether the car, at the time of the collision, was being operated at a reasonable rate of speed, taking into consideration the conditions

at the time and place. The objection to this instruction is that it permitted the jury to pass upon the reasonableness or unreasonableness of a municipal ordinance. But this objection seems to be untenable, for a municipal ordinance regulating the speed of street cars is not a grant of the right to the street car operator to run at that rate of speed regardless of all conditions and circumstances. A speed less than the maximum allowed by ordinance may, at certain times and places, be exceedingly negligent. In *Coons v. Olympia L. & P. Co.*, 111 Wash. 677, 191 Pac. 769, this rule was recognized, and we have no desire to here modify it.

The next instruction complained of is one which told the jury that, although the street car has a right-of-way at street intersections, yet, if the respondent was in the intersection and proceeding to cross it before the street car arrived at it, it was the duty of the motorman to allow the respondent to cross. The criticism of this instruction is that it submits to the jury the theory of last clear chance, where there is no evidence to warrant it. The instruction, however, cannot fairly be given that interpretation. It merely states the rule that the street car's right-of-way is not an absolute one and that, under certain circumstances, the right-of-way must be ceded. *Hullin v. Seattle Taxicab Co.*, 119 Wash. 311, 205 Pac. 403; *Dodge v. Salinger*, 126 Wash. 237, 217 Pac. 1014.

Other instructions given are complained of, and the refusal to give a couple of requested instructions is urged as error. An examination of the requested instructions shows that, in substance, they were actually given by the court in its instructions, and an examination of the instructions complained of as erroneous shows that they properly stated the law.

The appellant objects to the interpretation given by the court to § 73 of ordinance No. 41,695 of the city of

Seattle, which reads as follows: "Drivers when approaching street intersections shall look out for and give right-of-way to vehicles on their right simultaneously approaching a given point; Provided, however, that street cars shall have the right-of-way at all times at such street intersections," and which is in effect the same as Rem. Comp. Stat., § 6340 [P. C. § 222], providing that "drivers when approaching highway intersections shall look out for and give right of way to vehicles on their right simultaneously approaching a given point: Provided, however, that street and interurban cars and emergency vehicles shall have the right-of-way at all times at such highway intersections." As we gather the appellant's argument, it is that, under the ordinance and the statute, persons approaching an intersection upon which a street car track is laid must not only look out for and give the right-of-way to vehicles approaching simultaneously on the right, but that, when that vehicle is a street car, the right-of-way must be given under all conditions and circumstances.

In the recent cases of *Snyder v. Smith*, 124 Wash. 21, 213 Pac. 682; *Dodge v. Salinger, supra;* and *Sparling v. Seattle,* 126 Wash. 444, 218 Pac. 200, the statute in question has been under consideration and the rule attempted to be announced that the person approaching an intersection on the left who does not look out for the simultaneous approach of vehicles on his right is guilty of negligence, or if, having looked and noted the simultaneous approach of the vehicle on the right, refused then to cede the right of way, he is guilty of negligence; but where the person approaching on the left has complied with the statutory requirement of looking out for the vehicle on the right, and by the exercise of reasonable care has been unable to discover the simultaneous approach of a vehicle from the right, that, as a matter of law, he is not then guilty of negli-

gence.    We see no reason why this rule should not apply as well to street cars as to every other vehicle. To hold otherwise would be to grant to the operator of a street car full license to proceed across intersections without regard to any circumstance, and exonerate him from negligence as long as his car was not being run in excess of the speed fixed by law.    The *Sparling* case, *supra,* discusses this situation and we are content to follow the rule there announced.

Judgment affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.