[No. 19482.   Department One.   October 28, 1925.]

THILUS AITONEN *et al., Respondents,* v. S. S. MORSE, *Appellant.*[1]

TRIAL (60)—TAKING CASE FROM JURY—DIRECTION OF VERDICT.   In an action for damages sustained through an automobile collision at a street intersection, it is not error to refuse to direct a verdict because all the evidence showed that defendant was first at the intersection, where there was sufficient evidence of other acts of negligence to take the case to the jury.

SAME (75)—INSTRUCTIONS—BURDEN OF PROOF.   An instruction defining the "preponderance of the evidence" to mean more proof of a satisfying character in favor of the party presenting it than against him, is not prejudicially erroneous, when considered in connection with another instruction properly stating the duty of a party to prove his case by a fair preponderance of the evidence.

[1]Reported in 240 Pac. 14.

MUNICIPAL CORPORATIONS (392)—TRIAL (88)—USE OF STREETS—NEGLIGENCE—INSTRUCTIONS—CONFUSED OR MISLEADING INSTRUCTIONS. In an action for damages sustained through an automobile collision, an instruction relating to the violation of law, if any, which was the proximate cause of the accident, which adds "or that . . . by the exercise of reasonable care should have avoided a collision, then in either case your verdict should be for plaintiff," is prejudicial error in that it omits the elements of proximate cause and contributory negligence and places the whole burden of avoiding the accident upon the defendant; notwithstanding general instructions, earlier given, covered proximate cause and contributory negligence.

NEGLIGENCE (25)—COMPARATIVE NEGLIGENCE—APPLICATION OF DOCTRINE. It is not, in an ordinary case, error to refuse to give instructions as to comparative negligence causing a collision at a street intersection, where the jury is correctly instructed as to the law of negligence and contributory negligence.

Appeal from a judgment of the superior court for Grays Harbor county, Griffiths, J., entered April 18, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained in an automobile collision. Reversed.

*Preston, Thorgrimson & Turner,* for appellant.

*F. W. Loomis,* for respondents.

TOLMAN, C. J.—Respondents are suing for damages alleged to have been sustained as a result of an automobile collision at a street intersection in the city of Aberdeen.

The defendant is charged with negligence as follows:

"That, when said plaintiffs, riding as hereinbefore alleged, were at the intersection of said 'E' Street and said East First Street, having just turned the corner and moving in a southerly direction on 'E' Street, they then and there being on the westerly side of said 'E' Street close to the curb, and north of the point where the northerly line of East First Street intersects the westerly line of 'E' Street, a truck belonging to the said defendant and then and there driven by an employee of said defendant, within the scope of his em-

ployment and in the business and service of said de-
fendant, and with his knowledge and permission, came
from behind said service station and south of said
street intersection, and turned northward, but instead
of turning and remaining on the right hand side of
the driver thereof, said truck was driven with gross
and wanton negligence and carelessness and without
due regard to the rights and safety of others, diagon-
ally across said intersection and to the left hand side
of its driver, without any sign or signal by the
said driver and into the coupe of plaintiffs; that, at
the time of said collision, plaintiffs had entirely
stopped their coupe and said collision was due entirely
to the gross and wanton negligence and the reckless,
careless and unlawful driving of the said employee in
charge of said truck, and without any fault whatsoever
on the part of these plaintiffs; that these plaintiffs were
first in the intersection of said streets and the said truck
at the time of said accident was being driven in viola-
tion of the laws of the state of Washington, and the
ordinances of the city of Aberdeen, Washington," etc.,
(pleading the ordinances thought to have been vio-
lated).

There was a verdict for the plaintiffs in the sum of
$1,513, upon which the trial court entered judgment,
and from that judgment the defendant has appealed.

Appellant contends that the trial court erred in re-
fusing to instruct a verdict in his favor. Such an in-
struction can only be given when the facts are undis-
puted and reasonable minds can draw but one infer-
ence therefrom.

Appellant contends, with some justification, that the
evidence can be so analyzed as to make it appear that
all who testified upon that point asserted or admitted
that the truck belonging to the appellant was first in
the street intersection; but we think, after studying
the testimony, that there is room for a contrary in-
ference, and, besides, under the allegations of the com-
plaint already quoted, there were other charges of

negligence upon which there was sufficient evidence to take the case to the jury.

It is urged that the trial court erred in an instruction as to the burden of proof, wherein it was said:

"By a 'preponderance of the evidence' is meant that there is more proof of a satisfying character in favor of the party presenting such evidence than there is against him. In other words, the scales are turned, as it were, in favor of the party presenting the greater weight of evidence in favor of the fact which he is seeking to establish;"

and

"It is sufficient if the party having the burden reasonably satisfies you from all the testimony that there is more proof on his side than upon the side of his opponent."

The case of *Atwood v. Washington Water Power Co.,* 71 Wash. 518, 128 Pac. 1065, is relied upon to sustain this contention, but the instructions in this case, taken as a whole, present the matter to the jury in the identical form which was upheld by us in *Brammer v. Percival,* 133 Wash. 126, 233 Pac. 311.

A subsequent instruction presents a far more serious question:

"Should you find that the truck was in the street intersection before the coupe, that fact alone would not excuse the driver from reasonable care in avoiding a collision, or entitle him to disregard the law of the road in other particulars, and if you further find that the truck driver was violating any provision of the law of the road and that such violation, if any, by the truck driver was the proximate cause of the accident, *or that the truck driver, by the exercise of reasonable care should have been able to or could have avoided a collision, then in either case your verdict should be for the plaintiffs.*"

That part of the instruction which we have italicized, it is pointed out, omits the elements of proximate cause

and contributory negligence and places the whole burden of avoiding the accident upon the truck driver without any qualifications whatsoever. Counsel for respondents seems to admit that this is error unless cured by the other instructions given, and contends that it was so cured. It is true that, earlier, the court had correctly instructed generally on the subjects of proximate cause and contributory negligence; but after giving those general instructions, he proceeded with more specific instructions; and since he had in this particular instruction just expressly conditioned or qualified violations of the law of the road so that none should be considered except such as were a proximate cause of the accident, the omission of that condition, when placing the entire burden of avoiding the accident upon the driver of the truck, aggravated the evil and invited the jury to disregard all conditions.

It seems clear that the jury may have been misled and that the error is such as can only be cured by the granting of a new trial.

A request was made for an instruction upon the law of comparative negligence which seems to be correct in form and substance; but, as we read the evidence in the case, the giving of such an instruction would have tended toward confusion rather than otherwise. There may be, and no doubt are, cases where such an instruction may properly be given; but ordinarily, when the jury is correctly instructed as to the law of negligence and contributory negligence, the giving of the further instruction as to comparative negligence can be of little aid and may, by causing confusion in the minds of the jurors, do harm. We cannot hold that the refusal so to instruct in this case was error.

Other rulings assigned as error have been considered, but we find nothing therein constituting error or calling for further comment.

Because of the error hereinbefore pointed out, the judgment is reversed and the cause remanded for a new trial.

HOLCOMB, ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.