[No. 20249.   Department One.   August 22, 1927.]

# N. A. LUNG, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant.*[1]

[1] STREET RAILROADS (13, 28)—COLLISION WITH VEHICLE—ACTION FOR INJURIES — EVIDENCE — SUFFICIENCY.   The negligence of a street car motorman, in striking a truck which was crossing the street car tracks, is a question for the jury, where there was evidence that the car was exceeding the speed limit permitted by law, and that the motorman, immediately preceding the accident, was giving attention to matters foreign to his duty.

[2] SAME (20, 30)—CONTRIBUTORY NEGLIGENCE—DRIVER OF VEHICLE— QUESTION FOR JURY.   The contributory negligence of the driver of a truck in crossing street car tracks is for the jury where his alleged intoxication and cutting of the corner in too close proximity to the street car are all denied in the evidence.

[3] SAME (13, 33)—COLLISION WITH VEHICLE—RIGHT OF WAY—IN-STRUCTIONS.   An instruction as to the relative rights of motor vehicles and street cars is properly limited by an instruction that the street car's right of way is not an absolute one, but must be exercised with reasonable care under the circumstances disclosed by the evidence.

[4] SAME (13, 33).   In an action for injuries sustained when a street car struck an auto truck crossing the tracks, it is not error to instruct that, if the motorman observed the auto truck, first in the intersection and crossing the tracks in time to cross safely with reasonable operation of his car, it was his duty to give way to it, operating his car in a reasonably careful and prudent manner.

[5] SAME (13, 33).   Where the driver of an auto truck, crossing street car tracks, did not discover the excessive speed of an approaching street car until it was too late to avoid a collision, plaintiff is entitled to an instruction that the auto driver had a right to assume, unless reasonable care would determine otherwise, that the car was being operated at a lawful rate of speed.

[6] SAME (13, 33).   In an action for injuries sustained when a street car, exceeding the speed limit, struck an auto truck crossing the tracks, it is not error, as an improper application of the doctrine of last clear chance, to instruct, upon the negligence of the motorman, if any, resulting in placing the truck

[1]Reported in 258 Pac. 832.

driver in a dangerous situation from which neither driver could extricate him, to the effect that plaintiff would be liable if a reasonably careful motorman would have kept a lookout for trucks at that time and place and appreciated the dangerous situation in time to have avoided the collision.

[7] NEGLIGENCE (44) — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE — INTOXICATION AS DEFENSE. In an action for injuries received by one riding with an auto truck driver alleged to have been intoxicated, the jury are properly instructed that the intoxication of the driver would not of itself defeat a recovery unless defendant showed by a preponderance of the evidence that the intoxication was a direct and proximate cause of the accident, or contributed thereto as a direct and proximate cause thereof.

[8] TRIAL (29)—RECEPTION OF EVIDENCE—SCOPE OF—REBUTTAL TESTIMONY. Where, in a personal injury case, defendant produced witnesses who testified to admissions and statements of the plaintiff shortly after receiving the injuries, it is proper rebuttal to show that plaintiff was unconscious for many hours after the accident.

Appeal from a judgment of the superior court for Spokane county, Truax, J., entered May 29, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in a collision between an auto truck and a street car. Affirmed.

*Post & Russell,* for appellant.

*Garrecht & Twohy* and *McCarthy, Edge & Lantz,* for respondent.

FULLERTON, J.—In this action, the respondent Lung recovered, on a trial by jury, against the appellant Washington Water Power Company, for personal injuries.

The appellant owns and operates a street car system which extends over certain of the public streets of the city of Spokane. Among such streets is a street known as Division street, which extends north and south over the Spokane river, which is crossed by a bridge. Leading to the bridge, on its north side, is an elevated approach, called in the record a viaduct. Over the bridge

and the viaduct, the street car tracks are doubled. Over the easterly of these tracks, the north bound cars of the appellant are operated. An inclined roadway leads down from the east side of the viaduct to the natural level of the land adjacent thereto, on which is situated the place of business of the Superior Gas & Oil Company. The respondent is the secretary of the oil company.

On the late afternoon of May 28, 1922, he was riding on an oil truck of the company, driven by one Deal. The truck approached the viaduct from the north and was driven on the west, or right hand, side of the appellant's westerly car track until it reached a point opposite the inclined roadway mentioned, and was turned easterly by the driver for the purpose of descending the roadway. As the truck was crossing the easterly of the car tracks, it was run into by a north bound car of the appellant. The respondent received the injuries, for which he recovered, as a result of this act.

[1] At appropriate times during the course of the trial, the appellant interposed challenges to the sufficiency of the evidence to sustain a verdict against it, and a large part of its arguments in this court is directed to a review of the evidence. It is urged that the evidence fails to show negligence on its part, and particularly is it urged that, if it does show such negligence, it shows such contributory negligence on the part of the respondent as to prevent a recovery. But we think we need not review the evidence at length. As we read the record, there was a conflict in the evidence on these questions. On the question of the appellant's negligence, there was substantial evidence tending to show that the street car was being operated, at the time of the accident, at a rate of speed in excess of the speed limit permitted by law; and substantial

evidence to the effect that the operator of the car, for a time immediately preceding the collision, was giving his attention to matters foreign to his duties as such operator. These are acts of negligence, and warranted the jury in finding not only that the appellant was guilty of negligence, but that the negligence was the efficient and proximate cause of the accident.

[2] On the question of the respondent's contributory negligence, it is claimed that the driver of the truck was, at the time, intoxicated, that he "cut the corner" in making the turn towards the inclined roadway, and that he drove the truck across the street car tracks in such close proximity to the approaching car as to make a collision inevitable. The evidence on the part of the appellant did, indeed, tend to establish these claims. But there was evidence to the contrary; evidence to the effect that the driver of the truck was not intoxicated, that he did not cut the corner, that he drove the truck in a careful and prudent manner, and that he had ample time to cross in safety had the street car been operated within the speed limit. The question of the respondent's contributory negligence was, therefore, likewise for the jury, and we are concluded by their verdict, no matter what view we may take as to the weight or preponderance of the evidence.

[3] Of the errors thought to require a new trial, the first are directed to certain of the instructions of the court. In its instruction numbered 12, the court first stated to the jury the relative rights of persons using a public highway, in language to which the appellant takes no exception; concluding the instruction with the following clause:

"In this connection, however, you are further instructed that, although street cars have the right-of-way at street intersections over other vehicles simultaneously approaching intersections, such right-of-way

is not an absolute one, but must be exercised with all reasonable care under the surrounding facts and circumstances disclosed by the evidence.''

It is argued that the concluding clause not only nullifies the previous part of the instruction, but is erroneous, since it puts the same responsibility upon the operator of a street car that it does upon the operator of a free moving vehicle. But we can find no fault with the instruction. It is not the rule that a street car operator has the absolute right of way under every and all circumstances. The streets are for the use of the general public, and users of the street must use it in a reasonable manner, having due regard to its use by others. In the case of *Radford v. Seattle,* 127 Wash. 445, 221 Pac. 597, we held the rule applicable to street cars, notwithstanding the law gave them the right of way over other users, and further held that it was not error for the court to so instruct the jury. The instruction in question does not violate the rule as there announced.

[4] Instruction numbered 13 is as follows:

''If you find from the preponderance of the evidence in this case that the auto truck was first within the intersection and proceeding to cross the viaduct before the street car arrived at the intersection, and that the motorman observed or should have observed, in the exercise of such care as a reasonably prudent and careful person would exercise under the same or similar circumstances, the truck within the intersection and crossing the viaduct in time to allow it to cross safely, that is, in time, in operating his car in a reasonably careful and prudent manner, under the existing or similar circumstances, to have enabled him to have allowed the truck to cross safely, then it was his duty so to do.''

It is said that this instruction is within the ban of the instruction condemned by this court in *Aitonen v.*

*Morse,* 136 Wash. 369, 240 Pac. 14. But we think there
is a wide difference between the instruction held to be
error in that case and the present instruction. The
instruction there, in effect, placed the burden of avoid-
ing the accident entirely upon one of the parties "with-
out any qualifications whatsoever," while the present
one does not do so. Nor do we think it subject to the
objection that

"   .   .   .   it gives to the auto truck the right of
way, even though it was going along the same street
that the street car was going, but in an opposite direc-
tion, and turned in front of the path of the street car."

The court was not here instructing upon this phase
of the evidence. Elsewhere it had done that in lan-
guage unobjectionable. As we read it, and as we think
the jury must have understood it, the court was but
defining what would constitute reasonable care under
the stated circumstances, and, as we conclude, correctly
stated the rule.

[5] In its instruction numbered 17, the court in-
structed the jury to the effect that, when a person sees
a street car approaching him, he has a right to assume,
unless reasonable care would determine otherwise, that
it is being operated at a lawful rate of speed, and may
act upon that assumption without being subjected to a
charge of negligence. It is objected to this instruction
that it is not applicable to the facts of the case; that
the evidence disclosed that the respondent discovered
the excessive speed of the car before the attempt was
made to cross the street car track on which the street
car was approaching. But we are unable to accept this
view of the evidence. As we read the record, the evi-
dence is conflicting on the question. It was the re-
spondent's contention, that he did not discover the
excessive speed of the car until it was too late to avoid
it. The instruction was proper, on this view of the

evidence. It may be here added that the court did not assume that the respondent's testimony on the matter correctly stated the facts. The instruction was hypothetical, and elsewhere it gave an instruction embodying the contrary view.

[6] Instruction numbered 20 was in the following language:

"If you find, by a preponderance of the evidence in this case, that the defendant, through its motorman, was negligent in one or more of the particulars alleged in plaintiff's complaint, and that such negligence, if any, was the proximate cause of the injuries and damage, if any, sustained by the plaintiff, and that neither the plaintiff nor the driver of the truck was guilty of contributory negligence, as that term has been defined to you, then plaintiff is entitled to recover in this case. On the other hand, if you find from the preponderance of the evidence that plaintiff himself was guilty of contributory negligence, as that term has been defined to you in these instructions, or that the driver of the auto truck was negligent in one or more of the particulars alleged in defendant's answer, and that such negligence, if any, was a proximate cause of the injuries or damage sustained by plaintiff, or contributed thereto as a proximate cause thereof, if any, then plaintiff is not entitled to recover in this action, even though you do find there was negligence on the part of the motorman of the street car, and your verdict must be for the defendant, unless you further find, by a preponderance of the evidence in this case, that the negligence, if any, of the truck driver or the plaintiff resulted in plaintiff being placed in a dangerous situation from which neither he nor the truck driver could, by the exercise of reasonable care and diligence, extricate plaintiff in time to avoid the plaintiff's being injured, and that a reasonably careful and prudent motorman would have kept a lookout, at the time and place in question, for trucks and persons in that or a similar situation, and would have seen, in the exercise of such care, the dangerous situation in which plaintiff was placed, if any, and appreciated it in time to have avoided injur-

ing plaintiff, and would not have injured plaintiff in the exercise of such care, in which latter event your verdict must be for the plaintiff.''

The objection is directed against the concluding part of the instruction. It is said that it embodies the doctrine of ''last clear chance,'' whereas the evidence furnishes no warrant for the application of that doctrine. But we think we need not follow the appellant in his discussion of the application and limitation of the doctrine thought to be applicable. The instruction does not violate the rule as we have hereinbefore announced it. In *Locke v. Puget Sound International R. & P. Co.,* 100 Wash. 432, 171 Pac. 242, L. R. A. 1918D 1119, we said:

''Much of the confusion attending the doctrine of the last clear chance has come from a seeming belief on the part of many judges and text writers that it is in itself a principle of law and subject to arbitrary definition, whereas, it is no more than a judicial exception to established principles, resting in fact and not in law. The chance to avoid an injury is a relative question, to be resolved solely by reference to the facts of each particular case. If the one party knows of the peril of the other, although brought about by that other's negligence, in time to avoid injuring him, he is at once put to a degree of care commensurate with the present situation of the parties. The doctrine of last clear chance does not abrogate any of the rules of proximate cause; it rather affirms them. It is a rule of convenience as well as necessity, to which the courts have resorted in all proper cases where contributory negligence is plead as a defense and a jury is called upon to find the proximate cause. The rule, as we understand it to be, is laid down in Nellis on Street Railways (2d ed.), § 462: 'Contributory negligence of a party injured will not defeat his action, if the defendant or its servants might by reasonable care and prudence have discovered his peril in time to save him, and thus have avoided the consequences of the injured

party's negligence. In such a case the plaintiff's alleged contributory negligence could not be said to be the direct and proximate cause of the accident, but the defendant's negligence would be the proximate cause and would thus render it liable.' "

In the same case we quoted the following paragraph from the case of *Gallagher v. Manchester St. R.*, 70 N. H. 212, 47 Atl. 610, saying that it was a fair statement of the law:

"If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial, except it may be as one of the circumstances by which the requisite measure of care is to be determined."

So, in *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, we said:

"The appellant cites certain authorities, most of them railroad or street car cases, and some of them cases arising on injuries to trespassers on railroad tracks, to sustain the contention that in no case can a plaintiff recover where his negligence continues up to the time of the injury. The authorities cited hardly bear that construction. . . . At any rate, this court has held, in accordance with many courts and with what we conceive to be the more logical as well as the more humane rule, that where the peril of a traveler on the highway is actually discovered and should be appreciated by the operator of a street car, or other agency of danger, there arises a new duty to exercise all reasonable care to avoid injury, and the failure to exercise such care, if it results in injury, will render a defendant liable notwithstanding the continuance of the plaintiff's negligence up to the instant of injury. *O'Brien v. Washington Water Power Co.*, 71 Wash. 688, 129 Pac. 391; *Dyerson v. Union Pac. R. Co.*, 74 Kan. 528, 87 Pac. 680, 7 L. R. A. (N. S.) 132; *Bruggerman v. Illinois Cent. R. Co.*, 147 Iowa 187, 123 N. W. 1007."

See, also, *Thompson v. Collins,* 139 Wash. 401, 247 Pac. 458.

The quoted instruction but embodied the rule as we have here announced it to be, and we cannot conclude that it contains error.

The appellant submitted instructions embodying the ordinances of the city of Spokane relative to the right of way of street cars over the streets of the city, and relative to driving motor cars on the streets by an intoxicated person, together with what it conceived to be the legal effect of a violation of the ordinances. It is conceded that the court did quote the ordinances to the jury, but it is said that the jury were left without guide as to their application, which the requested instruction would have supplied. But we cannot conclude that the instructions of the court were deficient in the respects for which they are criticized. The relative rights of the parties were outlined in instruction numbered 12, to which we have hereinbefore referred.

[7] With regard to the question of the intoxication of the driver of the truck, the court gave the following instruction, to which no exception was taken:

"You are instructed that, even though you should find from a preponderance of the evidence that the driver of the truck was intoxicated, that in and of itself alone would not defeat plaintiff's right of recovery, if otherwise entitled to recover. Unless as a result of such intoxication, if any, the driver did some act or failed to do some act, which a reasonably careful and prudent person would not have done or failed to do under the same or similar circumstances, and unless the same was a direct and proximate cause of the collision or contributed thereto as a direct and proximate cause thereof, the burden of proving which, in each instance, by a preponderance of the evidence is upon the defendant, your verdict should not be affected by the intoxication, if any, of the driver."

These, we think, sufficient to fully inform the jury as to the effect of the ordinances. Moreover, the instructions, as a whole, were full and complete, and it is hardly possible to conceive that the verdict was the result of misinformation as to the law of the case.

[8] Finally, the appellant complains of certain testimony admitted as rebuttal testimony, contending that it was properly testimony that should have been introduced on the respondent's case in chief. In presenting its side of the case, the appellant produced witnesses who testified to admissions and statements made by the respondent shortly after he received his injuries. In rebuttal, the respondent produced a witness who testified that he was unconscious for many hours after the injury, and unconscious at the time statements and admissions imputed to him were purported to have been made. In our opinion, the evidence was properly admitted.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, FRENCH, and MITCHELL, JJ., concur.