[No. 21078.    Department Two.    June 14, 1928.]

HARRY FISHER *et al., Appellants,* v. TACOMA RAILWAY AND POWER COMPANY, *Respondents.*[1]

[1] STREET RAILROADS (20, 29)—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.  The contributory negligence of the driver of an automobile, struck by a street car at a street intersection, is a question for the jury, and it is error to direct a verdict for the defendant, where it appears that the plaintiff was first at the intersection, and took precautions, looking in both directions, and saw no car, which was violating an ordinance by approaching at an excessive speed and not under control.

Appeal from a judgment of the superior court for Pierce county, Hodge, J., entered October 26, 1927, upon the verdict of a jury, rendered in favor of the defendant by direction of the court, in an action for personal injuries sustained through collision with a street car.  Reversed.

*Snively & Bounds,* for appellants.

HOLCOMB, J.—The trial court, at the conclusion of all the evidence in the case, on motion of defendant, granted a directed verdict in favor of defendant and entered judgment thereon, from which this appeal arises.

[1]Reported in 268 Pac. 180.

No appearance or argument has been made by the respondent in this court.

The facts may be briefly summarized as follows:

Appellants are husband and wife residing in Tacoma. At about 8:30 o'clock in the morning of September 26, 1926, Mrs. Fisher, one of the appellants, left her home in a Buick coupe on her way to church. The car had been standing in front of their residence all night, in consequence of which the engine was cold. She drove north about a block, then turned west on North 8th street, up which she proceeded up a steep hill, driving in intermediate, crossing Yakima avenue and then coming to I street. The intersection of I and North 8th streets is about two and one half blocks from the residence of appellants. The intersection of I street and North 8th street, on the nearest side toward which Mrs. Fisher approached, is obstructed in view first by a terrace on the south side of North 8th street upon which is a large dwelling house; and in front of the dwelling house on the terrace, the view is screened by heavy shrubs, trees and bushes, and in front of the side walk are many shrubs, trees, power poles and other obstructions screening the view of the street car line which traverses I street crossing North 8th. Mrs. Fisher, driving in intermediate uphill, was going at the rate of eight or ten miles an hour when she entered the intersection. Before she arrived at the intersection of North 8th and I streets, after she had passed the dwelling house on her left, she looked to the left, or south, saw nothing and heard nothing, and then looked to the right, or north, saw nothing or heard nothing, at which time she had arrived in the intersection and again looked to her left and saw the street car approaching, as it appeared to her in testifying, a distance of about a length and a half of the court room in which the trial was had, or about

seventy-five to ninety feet. She also placed the car as being in front of the second house from the corner south of the intersection, which would be approximately ninety to one hundred feet. She reached the intersection first, and was within eight or nine feet of the east rail of the street car track when the street car was eighty to one hundred feet south and to her left. She was on or across the east rail of the street car track when struck by the street car, it striking her car about the middle.

As a result of the impact she was thrown through the right side of the car on to the pavement and to the west of the track. The result of the collision completely wrecked the automobile and seriously injured Mrs. Fisher. As a result thereof she had concussion of the brain, broken ribs, lacerations of the face and scalp and was left with a scar extending from the hair line down to the end of the nose. She remained unconscious for four or five days, from all of which she incurred doctor, hospital, medicine and nurse bills and also general damages, in the total sum of $20,000. Her doctor, hospital, medicine and nurse bills were shown to amount to $598, and the damages to the automobile in the sum of $975.

[1] The evidence on behalf of appellants also shows that the street car which did the damage, after leaving North 6th street, two blocks to the south, descended quite a grade towards North 8th, and the motorman gave the car all the juice he had, the controller being right up to the post and the power wide open. The motorman did not stop or slacken the speed of the car before it collided with the automobile. The only passenger in the street car testified that he saw the automobile when the street car was sixty to seventy feet from the intersection. The automobile was in the intersection first. The motorman gave no warning or

signal of any kind. He did not see the automobile at all until the street car was almost upon it. He then looked up, saw the automobile and attempted to stop the street car by reversing. The street car had been going at the rate of thirty or thirty-five miles per hour down hill and could not be stopped in time to avoid the collision. The motorman admitted that the car was crossing North 8th street out of control.

An ordinance of Tacoma pleaded by appellants was not denied by respondent, which provides that street cars within the city limits, particularly in the district in which this accident happened, are limited to a maximum speed of twenty miles per hour.

The motion for directed verdict by respondent was based, and the trial court seems to have granted it, upon the grounds that the evidence showed that the accident was not due to any negligence of respondent, and that the evidence showed that Mrs. Fisher was guilty of contributory negligence in driving upon the street car track under the circumstances shown.

It is clear to us that the trial court was not justified in directing a verdict in favor of respondent. Where, as in this case, the injured person took some precaution, such as looking and listening at the place necessary to take such precaution, and the street car was violating the law relating to speed at the time and place, thus being guilty of negligence *per se*, the question of contributory negligence on the part of the plaintiff was for the jury. *Golay v. Northern Pac. R. Co.*, 105 Wash. 132, 177 Pac. 804, 181 Pac. 700; *Sparling v. Seattle*, 126 Wash. 444, 218 Pac. 200; *Radford v. Seattle*, 127 Wash. 445, 221 Pac. 597. Also, upon the question of contributory negligence on the part of an injured party, see: *Lung v. Washington Water Power Co.*, 144 Wash. 676, 258 Pac. 832; *Hirst*

*v. Standard Oil Co. of California,* 145 Wash. 597, 261 Pac. 405.

A directed verdict, or judgment notwithstanding the verdict, can only be granted where the court can say as a matter of law that there is neither evidence, nor a reasonable inference from evidence, to sustain the verdict of the jury. *Caughren v. Kahan,* 86 Wash. 356, 150 Pac. 445; *Fobes Supply Co. v. Kendrick,* 88 Wash. 284, 152 Pac. 1028.

The judgment must be reversed, and the case remanded for new trial. It is so ordered.

FULLERTON, C. J., ASKREN, MAIN, and BEALS, JJ., concur.