[No. 22682. Department Two. January 5, 1931.]

JOHN ROED, *Appellant,* v. WASHINGTON LAUNDRY COMPANY, *Respondent.*[1]

*Ryan, Desmond & Ryan* and *George R. Stuntz,* for appellant.

*Reynolds, Ballinger, Hutson & Boldt,* for respondent.

BEALS, J.—As the result of a collision between plaintiff's automobile, driven by himself, and a laundry truck, owned by defendant and operated by its agent, plaintiff was very severely hurt, and brought this action to recover damages on account of injuries to his person and automobile. The action was tried to the court sitting with a jury, and at the close of plaintiff's case, defendant moved the court for a directed verdict in its favor, which motion was granted, and a judgment of dismissal entered, from which plaintiff appeals.

The accident occurred in King county a few miles south of the city of Seattle at the intersection of the Sunnydale road, a graveled highway running in a general easterly and westerly direction, with the Roed

[1]Reported in 294 Pac. 1023.

road, which crosses the Sunnydale road at approximately right angles. At the intersection the four corners of the highway are cut back in order to facilitate the turning of automobiles from one road into the other. The Sunnydale road slopes to the west at a two or three per cent grade, the other highway being level. The collision occurred at approximately two o'clock in the afternoon, March 30, 1929, the day being clear and dry, the visibility and traction being in all respects excellent.

Appellant was driving his 1917 Ford roadster north on the Roed road, and, on approaching the Sunnydale road, he looked to the east and saw the laundry truck approaching the intersection from his (appellant's) right at a distance of one hundred seventy feet. Appellant testified that he was driving at approximately sixteen miles per hour, but frankly admitted that he could not be certain as to the speed of the laundry truck, which he estimated at from forty to forty-five miles per hour, basing this estimate upon the position of respondent's truck when appellant first saw it and the time and place the cars collided. At the time of the accident, there was no other traffic on either road, and an orchard adjoining the southeasterly corner of the intersection of the highways was bare of foliage, so that the view of each driver was unobstructed.

Appellant testified that, as he approached the intersection, and after he saw respondent's truck approaching, he speeded his car up a little to get out of the way of the truck, intending to cross ahead of it. Notwithstanding his efforts, the laundry truck, at a point probably a few feet north of the center of the intersection, struck appellant's car on its right side, appellant's testimony being to the effect that marks upon the road indicated that the truck made no swerve to avoid the collision, but continued upon a perfectly straight

course up to the instant of impact. There is testimony in the record to the effect that, immediately after the collision, respondent's driver stated that he did not see appellant's approach.

The case is before us upon the proposition of whether or not the testimony introduced on behalf of appellant affirmatively shows that appellant was himself guilty of such negligence as bars recovery on his part against respondent. The law applicable to the situation is found in Remington's 1927 Supplement, § 6362-41, subd. (14), which reads as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

Appellant contends that, under the decision of this court in the case of *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533, the evidence introduced by appellant made a case which the court should have submitted to the jury for its determination upon the facts. While it is true, as stated in the case cited, that "all rights of way are relative, and the duty to avoid accidents and collisions at street intersections rests upon both drivers," we deem this a proper case for the application of the second of the rules laid down by this court to the effect that:

" . . . the primary duty of avoiding such accidents rests upon the driver on the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times."

In the case at bar, there was no traffic to be impeded had appellant slowed down his car or stopped to allow the laundry truck to pass; there was not present the necessity, referred to in the *Martin* case, for the con-

stant moving of traffic in order that congestion at the intersections of busy city streets may be avoided; and it would seem that appellant had every opportunity to observe the truck, estimate its speed, its distance from the intersection, and the time which would elapse before the truck would reach the same, or come "within striking distance."

Respondent's truck was on the right and had the right of way; it was appellant's duty to look out for it and give it the right of way. In accelerating his own speed in an attempt to beat the truck across the intersection, appellant was himself guilty of such negligence as precludes any recovery of damages on his part. We find nothing in the testimony which brings this case within the fourth of the rules laid down in the case of Martin v. Hadenfeldt, supra, in accordance with which this court held that that case should be submitted to the jury for determination. On the contrary, we hold that appellant's testimony brings this case squarely within the statute, and shows conclusively that appellant, because of his own negligence, cannot recover damages on account of the injuries suffered by him as the result of the collision.

We have examined the other authorities relied upon by appellant, and find them inapplicable to the situation here presented. The case does not involve the doctrine of the last clear chance, and cases in which that doctrine was considered are not in point. Some of the language used by this court in the decision in the case of Breithaupt v. Martin, 153 Wash. 192, 279 Pac. 568, is in point here, although it must be borne in mind that that was an action tried to the court.

The judgment of the superior court was right, and the same is affirmed.

MITCHELL, C. J., MILLARD, and MAIN, JJ., concur.

FULLERTON, J., concurs in the result.