[No. 23733. Department One. October 5, 1932.]

MIKE BRUM *et al., Respondents,* v. GEORGE R. HAMMERMEISTER, *Appellant.*[1]

*Floyd Foster* and *D. V. Morthland,* for appellant.
*George C. Twohy,* for respondents.

PARKER, J.—This is a damage case growing out of a collision between the automobiles of the respective parties at a highway intersection in Yakima county.

The action was commenced in the superior court for that county by the plaintiffs, Brum and wife, seeking recovery for personal injuries suffered by both of them, and for injuries to their automobile, alleged as the result of the defendant, Hammermeister, negligently driving his automobile while immediately approaching and within the intersection in question. The

[1] Reported in 14 P. (2d) 700.

defendant denied negligence on his part, and alleged negligence on the part of the plaintiffs as the cause of the accident, resulting also in damage to the defendant's automobile, for which, by cross-complaint, he sought recovery against the plaintiffs. Trial in the superior court, sitting with a jury, resulted in verdict and judgment awarding to the plaintiffs recovery against the defendant, from which he has appealed to this court.

The only question regarded by us as of serious moment in our present inquiry is as to whether or not the evidence supports the verdict and judgment. We think the jury were warranted in believing the controlling facts to be, in substance, as follows:·

Tieton drive is an arterial highway of Yakima county, running east and west, having a paved roadway sixteen feet wide. It is intersected by Glen drive, running north and south, having a graveled roadway, which is not an arterial highway. At the east edge of Glen drive, thirty-three feet south of the pavement of Tieton drive, there is a sign warning drivers proceeding north that they are approaching an arterial highway, and commanding them to stop. Looking west from that sign along Tieton drive, the view is wholly unobstructed for a distance of more than a quarter of a mile.

In the afternoon of the day of the accident, the plaintiffs were riding north on Glen drive in their automobile, Mr. Brum driving, approaching Tieton drive. They stopped, in obedience to the stop sign, thirty-three feet south of the pavement of Tieton drive. Mr. Brum changed into low gear, and started to cross the intersection.

As he did so, or, in any event, when he had proceeded but a few feet, he observed, at a distance of from one-eighth to one-quarter of a mile, the defend-

ant's car approaching the intersection from the west on the pavement of Tieton drive. Mr. Brum then noticed that the defendant's car was apparently proceeding at a considerable speed, but not apparently exceeding the lawful speed limit. Mr. Brum, then being of the opinion that he had ample time to cross the intersection before the defendant's car would reach it, and without further observing the defendant's car, proceeded in low gear at a speed of from five to ten miles per hour, probably accelerating to the latter while crossing the pavement.

When the front wheels of the plaintiffs' car had passed over the north edge of the pavement, its rear wheels being still on the pavement, the two cars came into violent collision, the rear right corner of the defendant's car coming into contact with the front left corner of the plaintiffs' car. The plaintiffs' car was thrown over on its side, coming to rest but a few feet from the place of the collision. The defendant's car, in a manner somewhat difficult to explain, passed the plaintiffs' car and proceeded on east, coming to rest facing back towards the west on the pavement of Tieton drive about one hundred feet east of the place of the collision, evidently having been whirled around. The contact of the two cars occurred at a point off the north edge of the pavement.

While the plaintiffs' car was very much damaged, its right front corner and fender did not show any sign of the contact of the cars. Evidently, the defendant, failing to timely notice the impending danger, in view of the speed of his car, suddenly turned his car to the left to the extent of bringing its right rear corner around in contact with the front left corner of the plaintiffs' car.

While the plaintiffs' car had not exceeding forty-

nine feet to go to cross the pavement when Mr. Brum first observed the defendant's car, the defendant's car had one-eighth to one-quarter of a mile to go to reach the path of the plaintiffs' car.

The accident resulted in personal injuries to both Mr. and Mrs. Brum, and also in injuries to their car.

■ Counsel for the defendant invoke the statutory rule prescribed by Rem. 1927 Sup., § 6362-40, reading as follows:

"The operator of any motor vehicle entering upon an arterial main traveled highway, from a public or private highway, road, street, way or driveway, shall yield the right of way to vehicles on such arterial highway and shall come to a full stop thereat when and where signs, posts or other markers so direct or indicate."

It is argued, in substance, that this rule places upon the driver entering upon an arterial highway the whole burden of care to avoid accidents at such places; in other words, that the right of way of the driver along an arterial highway at such places is absolute. This, we think, is an erroneous view of that rule. While, of course, the primary burden of avoiding accidents at such places rests upon the driver entering upon the arterial highway, there is also some burden of care resting upon the driver driving along an arterial highway. It seems to us that the following observation made in our decision in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, is as applicable here as it was in that case:

"(1) All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both drivers.

"(2) The primary duty of avoiding such accidents rests upon the driver on the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times."

This observation was made relative to the right of way rule prescribed by Rem. 1927 Sup., § 6362-41, subd. 14, reading as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

The only additional duty put upon the unfavored driver by the statutory rule here applicable is that he shall stop upon coming to the arterial highway. Clearly, we think, that does not render the general relative right of way rule less applicable here. Our decisions in *Denny v. Seattle, Renton & S. R. Co.*, 60 Wash. 426, 111 Pac. 450; *Johannessen v. Washington Water Power Co.*, 104 Wash. 182, 176 Pac. 8; *Johnson v. Seattle*, 113 Wash. 487, 194 Pac. 417; *Nabours v. Seattle*, 113 Wash. 557, 194 Pac. 800; *Lung v. Washington Water Power Co.*, 144 Wash. 676, 258 Pac. 832; *McClanahan v. Fisher*, 158 Wash. 114, 290 Pac. 864; *Fredericks v. Seattle*, 159 Wash. 224, 292 Pac. 427; and *Crozier v. Seattle*, 166 Wash. 107, 6 P. (2d) 406, are in harmony with and lend support to this conclusion.

In view of the distance at which the defendant's car was away from the intersection when the plaintiffs' car was about to enter the intersection, in view of the unobstructed view which the defendant had of the plaintiffs' car entering upon and crossing the intersection, and in view of the excessive speed of the defendant's car upon its immediate approach to and within the intersection, as the evidence warranted the jury in viewing the situation, we are of the opinion that the question of the defendant's negligence and the

question of the plaintiffs' contributory negligence were both for the jury to decide as a matter of fact, and not for the court to decide as a matter of law.

Some contentions are made that the court erred to the prejudice of the defendant in giving certain instructions upon the law of right of way at intersections of arterial with non-arterial highways. We think these contentions are without substantial support. The instructions are in harmony with the law as above noticed.

It is further contended that the award of damages against the defendant is excessive. We think it is sufficient to say that our reading of the evidence convinces us that the verdict and judgment should not be disturbed by us upon this ground.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, STEINERT, and HERMAN, JJ., concur.