[No. 24304. Department One. June 26, 1933.]

MILDRED GARRETT, *Respondent,* v. THE STANDARD OIL COMPANY OF CALIFORNIA *et al., Appellants.*[1]

[1]Reported in 23 P. (2d) 402.

*Sharpstein & Smith* and *Herbert Ringhoffer,* for appellants.

*Earl W. Benson,* for respondent.

MITCHELL, J.—This action was brought to recover judgment for personal injuries and damages to plaintiff's automobile, caused by the collision between her automobile and one belonging to The Standard Oil Company of California, a corporation, driven at the time by Harry Dobkins, an agent and employee of The Standard Oil Company, and at that time engaged in its business. The accident occurred one afternoon in August, 1930, in Walla Walla county, in the intersection of the Inland Empire highway No. 3, an arterial highway running east and west, having a twenty-foot pavement marked by a black center line, and Hussey road, an improved graveled road running north and south.

The plaintiff sued The Standard Oil Company of California and Harry Dobkins. The issues were negligence and contributory negligence. Upon the trial, June, 1932, there was a verdict for $10,593.25 against the defendants. Each of the defendants filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial, on the several statutory grounds. The motions were in all respects denied. The defendants have appealed from a judgment on the verdict.

The assignments are (1) that the court erred in denying the motions for judgment notwithstanding the verdict, and (2) that the verdict was excessive.

The scene of the accident is in what may be called level country. West of the intersection, the arterial highway is straight for nearly half a mile, over all of which distance Dobkins drove The Standard Oil Com-

pany's automobile at a very high rate of speed until the collision occurred. Indeed, appellants, speaking in their brief of the speed at which Dobkins was driving, admit "the jury was justified in finding that he was driving at a rate of speed somewhere in excess of sixty-two miles an hour and up to a speed of about seventy miles an hour." The only contention of the appellants on this feature of the appeal is predicated solely on the charge of contributory negligence.

The respondent was driving north along the Hussey road, and came to a stop at a stop sign twenty-two feet south of the intersection. She then moved slowly toward the pavement, looked to her left and saw appellant's car coming about one-eighth of a mile away, then, after getting to or on the pavement, another observation indicated that appellant's car, nearly two hundred feet away, was coming at a very rapid rate of speed and gradually getting north of the black line along the center of the pavement. Respondent and Mrs. Berry, who was riding with her, intended to go west along the paved highway. Respondent abandoned that idea on account of the rapid approach of appellant's car, and continued a straight course north over the intersection, and, by putting her car into intermediate, succeeded in getting it partly north of the pavement, when it was struck on the left rear wheel at a point north of the center of the pavement.

Respondent's account of the accident was about as follows: She was driving north along the east side of the Hussey road, stopped at the stop sign twenty-two feet south of the paved highway, looked to the left down the highway about one-fourth of a mile and saw no car coming. Then, in low, she drove up a slight grade toward the pavement, and, as the wheels of her car got near the pavement, she saw appellant's car

coming at a distance of about six or seven hundred feet, but could not tell how fast it was coming, saying, "No one could tell how fast a car is coming, coming towards you." As she got fully upon the pavement, she then discovered appellant's car was coming very fast. She shifted her car into "intermediate and got across as fast as I could." After she was across on the north half of the pavement (left-hand side of the highway, as appellant's car was being driven), and when, as she testified, her front wheels were off on the north side, she saw the approaching car again just before the collision. She testified:

"I was watching it after it was coming so fast and going to the north side, and just as he got ready to hit me he tried to turn back and hit me on the rear left wheel."

She further testified that, in approaching the intersection, appellant's car gradually got over on its left-hand or north side of the pavement and continued on that side until the collision occurred. She further testified that, when her car was about at the pavement,

". . . I looked again and I felt that I had plenty of time to get across, so I went into intermediate, but they were coming so fast that I could not make the turn. I signaled that I could not make the turn, so I went across here and my front wheels were just off the pavement when they hit me."

She was corroborated by other witnesses in important particulars. She was badly injured in the accident, and became unconscious.

This case, in our opinion, in essential and controlling respects is similar to *Brum v. Hammermeister*, 169 Wash. 659, 14 P. (2d) 700, which case involved a collision at an intersection of an east and west arterial highway and a north and south graveled

road. The driver going north recovered judgment against the driver going east along the arterial highway. On affirming the judgment, we said in substance, and according to the syllabus in that case, as follows:

"Rem. 1927 Sup., § 6362-40, requiring a motorist to come to a full stop and yield the right of way on entering an arterial highway, does not cast the full burden on him to avoid an accident; and the questions of negligence and contributory negligence are for the jury, where it appears that a driver came to a full stop before entering the arterial highway, at which time the approaching car was one-eighth to one-quarter of a mile away to the left; and the rule of relative right of way is applicable notwithstanding Rem. 1927 Sup., § 6362-41, subd. 14, providing that the duty to give right of way to vehicles on the right simultaneously approaching does not apply to arterial highways."

■ As to the excessiveness of the verdict, the evidence substantially shows that the respondent was twenty-nine years of age, had taught school, was a good fruit picker, and was accustomed to performing the duties of housekeeping; she suffered many painful bruises and scratches in the accident, but most important of all, she suffered a disunion or unfixed condition of the third and fourth vertebrae, which had caused almost continuous pain down until the trial, about two years after the accident, and will cause more or less pain in the future. Physicians testified that, while there may be improvement, her condition is apt to be serious for considerable time; while some of them think her injuries will be permanent. Under the advice of physicians, she wears a head brace to relieve her from pain. She is not able to perform work of the kinds and amount she formerly did, and will need the assistance and services of physicians and surgeons in the future. The entry of judgment indi-

cates, of course, that the trial judge saw nothing in the size of the verdict to indicate passion and prejudice on the part of the jury. Neither do we.

Judgment affirmed.

BEALS, C. J., HOLCOMB, and MILLARD, JJ., concur.

