[No. 25085.   Department Two.   August 1, 1934.]

W. S. WEIKERT, *Appellant,* v. LOUIS DANIELS *et al.,*
*Respondents.*[1]

*Edward L. Cochrane* and *George F. Hannan,* for appellant.

*Poe, Falknor, Falknor & Emory, B. Gray Warner,*
and *J. Speed Smith & Henry Elliott, Jr.,* for respondents.

[1]Reported in 35 P. (2d) 22.

BLAKE, J.—Plaintiff brought this action to recover damages for injury to his person and automobile sustained in a collision with a truck owned by defendant the Golden Rule Bakery, Inc., and driven by defendant Daniels. The defendants by cross-complaint set up an action for damages against plaintiff—the bakery company for damage to the truck, and Daniels for injury to his person. The cause was tried to a jury, which returned a verdict for defendants, but awarded them no damages. Judgment was entered dismissing the actions set up in both the complaint and cross-complaint. Plaintiff appeals.

The collision occurred at three o'clock A. M., at the intersection of One Hundred Twenty-fifth street and Fifteenth avenue N. E., in Seattle. Fifteenth avenue N. E. is an arterial highway running north and south. It is intersected at right angles by One Hundred Twenty-fifth street, upon which there were stop signs. Appellant was driving north on Fifteenth avenue; Daniels was driving east on One Hundred Twenty-fifth street. At the southwest corner of the intersection was an embankment covered with brush and trees. So the corner, under Rem. Rev. Stat., § 6362-3, (b) 2, was one where the driver's view was obstructed.

Appellant testified that, when he was two hundred fifty feet south of the intersection, he observed the lights of respondents' truck; that he (appellant) was then going between thirty-five and forty miles per hour; that he slowed down to twenty to twenty-five miles per hour as he approached the intersection, assuming the truck would stop; that, when he observed that the truck was not going to stop, but was proceeding across Fifteenth avenue, he tried to stop but could not avoid the collision.

Daniels testified that, before crossing Fifteenth ave-

nue, he stopped with the front wheels of the truck two or three feet west of the pavement; that he observed appellant's car approaching about two hundred feet away, but believed that, at the speed it was going, he had ample time to cross Fifteenth avenue before it would reach the intersection.

There is no substantial dispute as to the physical facts surrounding the collision. Appellant was driving a Chevrolet. His car struck the truck broadside at a point just in front of the right rear wheel. The force of the impact catapulted the truck twelve to fourteen feet to the northeast corner of the intersection, where it came to rest upside down.

Appellant suggests that he was entitled to a peremptory instruction holding respondents liable—leaving only the question of damages to the jury. The contention is predicated on the theory (a) that the evidence shows Daniels was guilty of negligence as a matter of law in not stopping and yielding the right of way, and (b) that the evidence was insufficient to take the question of his (appellant's) contributory negligence to the jury.

Under the facts as disclosed by this record, we do not think the suggestion raises a debatable question. The question as to whether Daniels stopped before crossing Fifteenth avenue is in dispute. He said he did; appellant said he did not. Whether, under the circumstances, Daniels was negligent in attempting to cross in front of appellant's car was also for the jury. *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533; *Brum v. Hammermeister,* 169 Wash. 659, 14 P. (2d) 700. Appellant cites *Roed v. Washington Laundry Co.,* 160 Wash. 166, 294 Pac. 1023, in support of his position. In that case, plaintiff was held guilty of contributory negligence as a matter of law, when he testified that he saw the car with which he collided one

hundred seventy-five feet away, and then speeded up to beat it to the intersection. The case was distinguished from *Martin v. Hadenfeldt, supra,* and is likewise distinguishable from the case at bar. The question of Daniels' negligence was for the jury.

■ Nor do we think the evidence was insufficient to take the question of appellant's contributory negligence to the jury. As we have seen, the corner was one where the driver's view was obstructed, under the terms of Rem. Rev. Stat., § 6362-3, (b) 2. The same subdivision of the statute provides a speed limit of fifteen miles per hour at such intersections. Appellant contends that such speed limit does not apply to travelers upon arterial highways. The statute makes no such exception. In our opinion, no legitimate inference can be drawn from the statute of any legislative intent to excuse travelers on arterial highways from conforming to the designated speed at obstructed corners. On the contrary, such inference as we may draw is quite the opposite, for the statute (Rem. Rev. Stat., § 6362-3, (d)) provides:

"Local authorities in their respective jurisdictions are hereby authorized in their discretion to increase the speed which shall be prima facie lawful upon highways at the entrance to which vehicles are by ordinance of such local authorities required to stop before entering or crossing such highways."

No such regulation by local authorities with reference to Fifteenth avenue N. E. appears in the record. In the absence of such regulation, it is clear that the legislature intended the speed limit prescribed at obstructed corners should apply to travelers on all highways—arterial as well as others. While the question has not heretofore been directly decided by this court, it has been assumed that such was the applicable rule. *Rosenstrom v. North Bend Stage Line,* 154 Wash. 57,

280 Pac. 932; *Koboski v. Cobb,* 161 Wash. 574, 297 Pac. 771; *Hines v. Foster,* 166 Wash. 165, 6 P. (2d) 597.

Appellant contends that, in any event, the court erroneously instructed the jury as to the legal consequences of his violation of the statute. The court instructed, in substance, that, if appellant drove into the intersection in excess of fifteen miles per hour, he was guilty of negligence, and if such negligence was the proximate cause of the collision, appellant would be liable. The rule stated conformed to the law, as laid down in a long line of decisions of this court, beginning with *Traver v. Spokane Street Ry. Co.,* 25 Wash. 225, 65 Pac. 284. But, as we understand appellant's argument, he contends that the rule is not applicable, in view of Rev. Rev. Stat., § 6362-3, (c), which provides:

"In all charges for violation of this section, speeds in excess of those set forth in subdivision (b) of this section shall be taken as prima facie but not as conclusive evidence of a violation of this section, and every notice to appear and every complaint charging a violation of this section shall specify approximately the speed at which the defendant is alleged to have driven and exactly the lawful speed at the time and place of the alleged offense."

The vehicle operation act elsewhere .(Rem. Rev. Stat., § 6378) provides that anyone failing to comply with any provision of the act shall be guilty of a misdemeanor. Obviously, the above-quoted section refers to criminal prosecutions under the act. We can see nothing therein to indicate a legislative intent to change the rule in negligence cases, so long adhered to by this court.

Appellant assigns as error the court's refusal to give an instruction to the effect that, even if they found that Daniels stopped before attempting to cross Fifteenth avenue in front of appellant's car, it was still his duty to yield the right of way to appellant, and that

appellant had a right to assume that he would do so until the contrary was manifested by his proceeding across the avenue. The substance of the request was sufficiently covered in the court's instructions ten and nineteen.

Appellant assigns error to the giving of an instruction to the effect that it was appellant's duty to keep a reasonable lookout for other traffic, and that, if by so doing he could have avoided the collision, he could not recover. Appellant says there was no evidence in the case that warranted the instruction. We think the instruction was proper under the facts as we have narrated them.

Judgment affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.