[No. 25354. Department Two. May 23, 1935.]

J. H. GREENE et al., *Respondents*, v. UNION PACIFIC STAGES INCORPORATED, *Appellant.*[1]

*Harry M. Morey* and *Verner R. Clements*, for appellant.

*Elmer E. Halsey, Otto D. Burns*, and *Ben F. Tweedy*, for respondents.

[1]Reported in 45 P. (2d) 611.

HOLCOMB, J.—Respondent Vera L. Greene, who will be mentioned herein as if the only respondent, while driving as a guest rider on a trip from Troy, Oregon, with her sister-in-law, the part owner and driver of the car, while traveling from Lewiston, Idaho, toward Troy, Oregon, were run into by one of the stages belonging to appellant going in the opposite direction, or toward Lewiston.. Respondent sued for twenty thousand dollars damages for personal injuries. The jury returned a verdict in her favor for four thousand dollars.

At the conclusion of the testimony in support of respondent's case, appellant moved for a nonsuit, which was denied. After the conclusion of the evidence, appellant moved for a new trial on the three statutory grounds: (1) Excessive damages appearing to have been given under the influence of passion or prejudice; (2) insufficiency of the evidence to justify the verdict of the jury, and that it is against the law; and (3) error in law occurring at the trial and excepted to at the time by appellant. The motion for a new trial was denied by the trial court and judgment entered upon the verdict of the jury for respondent.

One of the errors asserted by appellant was in allowing the case to go to trial and judgment to be entered thereon upon what it calls an unverified complaint.

It appears that the complaint was verified by one of the attorneys for respondent who resided in Lewiston, Idaho, and that it was verified there on the ground that neither of respondents was then in Asotin County.

The motion for a new trial was largely based on the contention, which had been first presented by a special appearance made on behalf of appellant, to the effect that the complaint had been filed only a few days be-

fore the statute of limitations had run, was not properly verified, and therefore did not toll the statute. The trial court thereupon granted leave to amend the verification, which was done, and a proper verification attached sworn to by one of respondents.

The statute, Rem. Rev. Stat., § 281 [P. C. § 8383], positively gives the right to the attorney for a party who is absent from, or a non-resident of the county in which the suit is brought, to make such verification.

In any event, the proper procedure would have been a motion to strike when there was no verification, which was not made. *Chapman v. Rose,* 135 Wash. 248, 237 Pac. 708.

Since a defective verification does not affect the merits, it can be amended in the trial. *Smith v. Newell,* 32 Wash. 369, 73 Pac. 369.

The amended verification therefore carried the cause of action, as alleged, back to the original verification of the complaint. The court already had jurisdiction of the subject matter and of the parties and, by permitting the amendment, jurisdiction was continued. *In re Sullivan's Estate,* 40 Wash. 202, 82 Pac. 297, 111 Am. St. 895.

The principal contention of appellant is that any verdict in excess of four hundred dollars, which sum would have been paid by appellant, is excessive and indicates passion and prejudice on the part of the jury.

It was admitted that a collision occurred between the motor coach of appellant and the automobile in which respondent was riding as a guest of the driver. The two vehicles came together with great force, badly damaging the car in which respondent was riding, sitting in the back seat holding a three months old child. She was thrown forward and bumped about

while trying to protect the child. There is conflicting evidence between a doctor who examined her within two or three days after the collision and two physicians called to examine her by appellant, who never saw her until nearly five years after the accident, as to whether or not the collision caused her physical and mental condition thereafter. The doctor who examined her shortly after the accident examined her again two years later and found her in a bad physical condition. She had become very nervous and developed certain female disorders. Regardless of her own subjective evidence and that of her doctor, there was ample and competent testimony by several lay witnesses showing a rapid decline in her nervous and physical condition following the accident.

Manifestly, the jury had the right to believe the testimony of her physician and her lay witnesses supporting her case and to disbelieve the testimony of two medical experts on behalf of appellant. That being true, we cannot say that a verdict in her favor for the rather serious permanent injuries to her in the sum of four thousand dollars is excessive and indicates passion and prejudice on the part of the jury. Moreover, the jury and the trial judge saw her and her witnesses and were able to judge of their credibility on the conflicting testimony, which we are not.

This case is therefore governed by several cases incorrectly cited by respondent in her brief, and it is unnecessary to go afield on that question. *Cole v. Seattle, Renton & Southern Railway Co.* (cited as 31 Wash. 462), 42 Wash. 462, 85 Pac. 3; *Forsyth v. Kuphal,* 170 Wash. 202, 15 P. (2d) 1115; *Haines v. Pinney,* 171 Wash. 568, 18 P. (2d) 496; *Garrett v. Standard Oil Co.,* 173 Wash. 394, 23 P. (2d) 402.

As in the *Forsyth* case, *supra,* we can find nothing in this case, after an examination of the record, to take

the case away from the decision of the jury and the trial judge in denying the motion for a new trial, upon that question.

Appellant also complains of the allowance of costs in the judgment because the cost bill was filed almost thirty days before the judgment was signed and entered. It was filed after the announcement of the decision of the trial judge, but before the judgment was entered instead of ten days thereafter. There was no prejudice to appellant, and the contention is without merit. *Snider v. Wright,* 112 Wash. 536, 192 Pac. 923.

Respondent also makes an unjustified motion in her brief to strike from the abstract all that portion which purports to state the evidence on the ground that it is inaccurate, insufficient and incomplete, which is denied.

She further makes an unwarranted motion in her brief that, on affirmance of the judgment, this court award to her damages in the sum of fifteen per cent of the judgment on the ground that the record shows that the appeal was taken for delay only.

We cannot say from the record that it conclusively shows that the appeal was taken for delay only, and for the reasons stated in *Ferrandini v. Bankers Life Association,* 51 Wash. 442, 99 Pac. 6, and *Hallidie Machinery Co. v. Hayden-Coeur d'Alene Irrigation Co.,* 56 Wash. 11, 105 Pac. 140, that motion is denied.

Respondent also refers to the memorandum opinion of the trial judge, which is not incorporated and certified in the statement of facts, and cannot be considered. Eight pages (pp. 13 to 21), of her brief are devoted to setting out in full the memorandum opinion, for which pages costs will not be allowed in her favor.

The instructions given and refused by the trial court

148

were not incorporated in the record, for which reason we presume there was no complaint to make of any of them and that appellant was accorded a fair trial on the issues.

Finding no error in the record, the judgment is affirmed.

MILLARD, C. J., BLAKE, MITCHELL, and STEINERT, JJ., concur.