[No. 29122.  Department Two.  January 17, 1944.]

JOHN GAVIN *et al.*, *Respondents*, v. LAURENCE E. EVERTON *et al.*, *Appellants.*[1]

*J. P. Tonkoff,* for appellants.

*Cheney & Hutcheson,* for respondents.

MALLERY, J.—This action arose out of an automobile collision in the city of Yakima.  It was tried to a jury, which

[1]Reported in 144 P. (2d) 735.

returned a verdict for the defendants. The trial court granted a motion for a new trial upon the ground that the defendants were guilty of negligence as a matter of law. The defendants appeal.

The appellants are husband and wife. He was driving the car at the time of the accident. For convenience, we will refer to him as if he were the sole appellant. The respondents are also husband and wife, but the parties were married after the injury to Mrs. Gavin occurred. For convenience, we will refer to Mrs. Gavin as if she were the sole respondent.

At the time of the accident, the respondent was a guest in the automobile of one Linton. Therefore, no action would lie on behalf of respondent against Linton, because of the host-guest relationship. For the same reason, any negligence on the part of Linton would not be imputable to the respondent. The jury, by its verdict in favor of the appellant, found that, as a matter of fact, the appellant was not negligent. The trial court, by granting a new trial on the ground that the appellant was guilty of negligence as a matter of law, held that, under the facts in the case, the question was not one of fact for the jury to pass upon. Therefore, the main question to be decided in this case is whether the question of the appellant's negligence is one of fact for the jury, or a matter of law for the court, to decide.

The accident occurred in the intersection of west Yakima avenue and Sixth avenue, in the city of Yakima, at about eight o'clock a. m. on May 26, 1939. The day was clear and dry. West Yakima is an arterial street sixty-eight feet in width. It is intersected at right angles by Sixth avenue, which is sixty-four feet in width. West Yakima runs east and west and Sixth avenue runs north and south and both are level.

On the morning in question, the appellant was driving south on Sixth avenue. The car in which respondent was a guest was traveling east on west Yakima. The jury had a right to believe the following facts:

When the appellant reached west Yakima avenue, an arterial highway, he stopped and then proceeded to the center of the intersection, where he stopped again to permit a car, which had been proceeding east on west Yakima and had arrived at the intersection simultaneously and was preparing to make a left-hand turn, to proceed. However, the driver of this car, which has been referred to throughout the record as the "O" car, invited the appellant to proceed. At that time, the appellant, looking to his right, that is to say, to the west on west Yakima avenue, saw the Linton car three-fourths of a block away from the intersection. According to a disinterested witness, it was traveling at a rate of thirty-five miles an hour at this time.

We quote the appellant's testimony:

"A. I noticed another car up here about three-quarters of a block, yes. Q. Three-quarters of a block, you say? A. Yes. Up here toward 7th. Q. That is your approximation of the distance? A. Yes, about that. Q. At that time, did you believe you had ample time to cross the intersection? A. I believed I had plenty of time to get across."

The appellant estimated the speed of the Linton car immediately before the collision at around twenty-five miles an hour. The appellant had proceeded twelve or fifteen feet when the left rear wheel of the Linton car ran over his right front bumper, causing the Linton car to turn over on its right side. It slid about one hundred feet after the impact.

The appellant's assignments of error are: (1) The trial court erred in granting a new trial; (2) the trial court erred in refusing to give appellant's proposed instruction No. 12.

Both parties to this action invoke the rules laid down in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533. These rules are:

"(1) All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both drivers.

"(2) The primary duty of avoiding such accidents rests upon the driver on the left, which duty he must perform

788

with reasonable regard to the maintenance of a fair margin of safety at all times.

"(3) If two cars collide within the intersection, then they were simultaneously approaching a given point within the intersection, within the meaning of the statute, unless—

"(4) The driver on the left assumes and meets the burden of producing evidence which will carry to the jury the question of fact as to whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent driver on the left and warrant him in going forward upon the assumption that he had the right to proceed."

Appellant claims he falls under the fourth rule, which raises an issue of fact for the jury, while the respondent contends that appellant falls under the second rule, which makes it a matter of law to be decided by the court. Respondent makes the further contention, among others, that appellant did not claim or testify that he was deceived by Linton's manner of driving his car, and therefore is not entitled to the benefit of the fourth rule.

We have held that, unless the disfavored driver actually saw the situation, he could not claim to have been deceived by the conduct of the other driver, and that his failure to see the situation took him out of the fourth rule and brought him under the second rule so that it could be said that the disfavored driver was guilty of negligence as a matter of law. Rhodes v. Johnson, 163 Wash. 54, 299 Pac. 976; Bowen v. Odland, 200 Wash. 257, 93 P. (2d) 366. However, in this case, the appellant claims to have seen the favored driver and testified that the Linton car was three-fourths of a block away, and that he believed he had plenty of time to get across the intersection. We do not believe that it would be a salutary rule to require a witness to couch his testimony in the phraseology of our decisions. We think that a fair interpretation of the meaning of appellant's language sufficiently claims deception to bring him under rule four, so far as choice of language is concerned.

The claim of deception must be in good faith. It will be held, as a matter of law, that the claim of deception

is not in good faith where the disfavored driver, after seeing the position of the favored driver on his right, engages in a race for the intersection. *Roed v. Washington Laundry Co.,* 160 Wash. 166, 294 Pac. 1023; *McAllister v. Anderson,* 169 Wash. 14, 13 P. (2d) 36. These rules: That the disfavored driver must see the favored driver, must claim to be deceived by him, and may not contest the intersection with him, if he is to claim the benefit of rule four, have been held to be matters of law for the court to decide. That is to say, if the disfavored driver did not see the favored driver, does not claim deception, or admits racing for the intersection, he falls under rule two as a matter of law. The appellant in the case at bar has not been taken out of rule four by these rules.

▇ The question next arises: When, if ever, will an issue, under rule four, become a question of law for the court to decide? We have no other rule than that it is a question of law only when it can be said that reasonable minds could not differ on the issue. The particular facts in each case must control that question. This must necessarily be so, since, if we say that it is always a question of law to determine when the disfavored driver falls under rule four, it would be tantamount to striking the function of the jury completely out of rule four. On the other hand, if we say that an issue under rule four is always and invariably a question for the jury, it would be the equivalent of saying that facts could not exist so extreme in nature that it could be said, as a matter of law, that all reasonable minds must agree. Neither of these positions is sound. See *Billingsley v. Rovig-Temple Co.,* 16 Wn. (2d) 202, 133 P. (2d) 265.

▇ The question in this case is: Was the situation so obviously dangerous that a prudent driver would not have been deceived into believing that he had a reasonable margin of safety in crossing the intersection? In the *Hadenfeldt* case, which is the landmark case to which this court has constantly adhered, the disfavored driver saw the fa-

vored driver something over half a block away. The court therein said:

"These cars were so far away, and approaching so nearly head-on, that the jury could well have found that the respondent did not and could not estimate their speed with any degree of accuracy."

The speed of the favored driver in that case was not given in miles per hour in the decision, but was referred to as "excessive." These facts are not greatly dissimilar from the case at bar.

This court adheres to *Martin v. Hadenfeldt, supra,* but is not inclined to extend the exception of rule therein provided for. *Delsman v. Bertotti,* 200 Wash. 380, 93 P. (2d) 371. Since the facts in the case at bar do not extend the rule, it was error to decide the issue, falling under rule four, as a matter of law.

Inasmuch as appellant is not seeking a new trial, his second assignment of error need not be discussed.

The order is reversed, with a direction to enter judgment on the verdict.

SIMPSON, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.

February 23, 1944. Petition for rehearing denied.