[No. 29801. Department One. February 19, 1946.]

FRED BENNETT, *Appellant,* v. ALBERT C. KARNOWSKY *et al.,*
*Respondents.*[1]

W. B. Magee, *for appellant.*

A. M. Abel, *for respondents.*

[1]Reported in 166 P. (2d) 192.

STEINERT, J.—This action emanates from a collision between two motor vehicles within a street intersection. Plaintiff in his complaint sought recovery of damages from the defendants for personal injuries and property loss; defendants cross-complained seeking recovery from the plaintiff for damages caused to their automobile. The action was tried to the court without a jury. Findings of fact were made, from which legal conclusions were drawn, and a judgment was entered dismissing the complaint and awarding to the defendants damages under their cross-complaint. Plaintiff appealed.

The assignments of error are all directed, or relate, to the findings and conclusions, which, in substance, declared that the appellant, Fred Bennett, entered and at considerable speed drove beyond the center line of the intersection, without observing other traffic immediately present in or approaching that intersection; that respondent, Albert C. Karnowsky, before entering the intersection, brought his automobile to a stop and made all proper observations relative to the presence or absence of other traffic in the particular vicinity; that the collision was caused solely by the appellant's negligence in the manner of operating his motor vehicle; and that the respondents were absolved from all fault or blame.

The issues in the case being wholly factual, we proceed upon the well-settled rule that, under such circumstances, the findings of fact will not be disturbed unless the evidence preponderates against them. *Hardman v. Younkers*, 15 Wn. (2d) 483, 131 P. (2d) 177, 151 A. L. R. 868; *Mancinelli v. Brown*, 22 Wn. (2d) 299, 155 P. (2d) 497; *Bleiler v. Wolff*, 23 Wn. (2d) 368, 161 P. (2d) 145.

The evidence upon which the findings of fact are based is as follows:

Broad street, in the city of Seattle, is an arterial highway extending in an easterly direction from the waterfront. First avenue is a nonarterial street extending in a northerly-southerly direction and intersects Broad street at right angles. West of First avenue, Broad street has a

width of forty-eight feet from curb to curb and approaches First avenue on an ascending grade of 14.2 per cent. East of First avenue, Broad street has a width of fifty-four feet from curb to curb and proceeds eastwardly on an ascending grade of 6.1 per cent. First avenue is fifty-two feet wide from curb to curb and, in the vicinity of Broad street, including the area within the intersection, is practically level. Both streets are paved. About twenty-two feet south of the south line of the intersection, on First avenue, is a stop sign.

Owing to the steep grade mentioned above, an automobile driver approaching from the south along First avenue and arriving at the stop sign cannot see traffic coming from the west on Broad street beyond a point about seventy-five feet west of the west line of the intersection. For the same reason, a driver approaching the intersection from the west on Broad street does not have a clear or complete view of traffic moving on First avenue until such driver reaches the crest of the hill near the west line of the avenue.

The accident out of which this action arose occurred about 9:15 o'clock on Saturday morning, December 11, 1943. The atmosphere at that time was foggy or misty and the pavement was somewhat icy.

Appellant, a retail fish dealer, was driving his 1931 Chevrolet half-ton truck eastwardly along Broad street toward First avenue. He had just come from the waterfront, where he had procured about one hundred pounds of fish and oysters, and was proceeding over his customary course to his place of business in the north part of the city. At the same time, respondent Albert Karnowsky, accompanied by his wife and their two small children, was driving his 1941 Plymouth sedan northwardly along the east side of First avenue, intending to take one of the children to the Orthopedic hospital. Respondents had been making trips over the same route and for the same purpose for about three months.

Arriving at the intersection, Karnowsky brought his au-

tomobile to a complete stop at the stop sign, and then both he and his wife looked carefully to their right and left for traffic which might be approaching on Broad street. There was no car of any kind nor any pedestrian in sight. Karnowsky then proceeded forward, starting in low gear and, after shifting into intermediate gear, increased his speed to a rate of about eight or ten miles an hour. After getting well into the intersection, and while maintaining a careful lookout for approaching traffic, he caught sight of appellant's truck coming over the crest of the grade and proceeding into the intersection. Karnowsky thereupon sounded his horn to attract appellant's attention, but without any evident effect, for the appellant kept coming forward without diminishing his speed or altering his course. Seeing that a collision would occur if both cars maintained their present course and speed, Karnowsky at once applied his brake as firmly as he dared owing to the icy condition of the pavement. The car did not immediately stop, however, but moved forward a few feet. At that same instant appellant's truck, maintaining its former speed, passed directly in front of Karnowsky's car and in so doing was struck broadside by it. The impact occurred well over on the east side of First avenue, about eight or ten feet south of the center line of Broad street. Following the impact, the truck skidded and, after dragging respondents' automobile a short distance, turned over on its side. Both vehicles were damaged to a considerable extent, and appellant sustained some, though not serious, personal injuries.

According to appellant's own testimony, he at no time prior to the collision saw respondents' automobile, and for the first time observed it while he was "crawling out" of his truck after it had overturned.

There were no witnesses, other than the respondents themselves, who actually saw the collision or who were able to give an account of how or why it occurred. The substance of appellant's testimony was simply that he was driving carefully at a speed of twelve or fifteen miles an hour; that when he came to First avenue he looked to his

right and left but did not see the respondents' car; and that he continued straight forward at the same speed across the intersection until he was struck broadside by the car driven by Karnowsky. Relying solely upon his own testimony, appellant's argument is that Karnowsky *must* have been traveling at an excessive rate of speed and *must* have "dashed out of the fog and into the intersection" without first coming to a stop. Appellant's contention now is that, being upon an arterial street, he had the right of way and that it was the duty of the respondents to avoid the collision.

This contention is, of course, based on Rem. Rev. Stat., Vol. 7A, § 6360-90 [P. P. C. § 295-31], which provides that the operator of any vehicle shall stop as required by law at the entrance to any intersection with an arterial public highway and, having stopped, shall look out for and give right of way to any vehicle upon such arterial highway simultaneously approaching a given point within the intersection, whether or not such vehicle first reaches and enters the intersection.

We have consistently upheld and approved that rule in all cases meriting its application. *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d) 583; *Hauswirth v. Pom-Arleau,* 11 Wn. (2d) 354, 119 P. (2d) 674; *Miller v. Asbury,* 13 Wn. (2d) 533, 125 P. (2d) 652.

However, we have also as consistently held, in a long line of cases beginning with *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, and continuing unbrokenly to and through *Bleiler v. Wolff,* 23 Wn. (2d) 368, 161 P. (2d) 145, that all rights of way are relative and the duty to avoid accidents or collisions at street intersections rests upon both drivers.

We have likewise further held, in cases involving arterial highways, that while the primary burden of avoiding accidents at such places rests upon the driver entering the arterial highway, nevertheless the right of way of the one driving along such arterial is not absolute; there is imposed upon such person some burden of care. *Brum v.*

*Hammermeister,* 169 Wash. 659, 14 P. (2d) 700, affirmed on rehearing, 171 Wash. 702, 18 P. (2d) 1119; *Garrett v. Standard Oil Co.,* 173 Wash. 394, 23 P. (2d) 402; *Weikert v. Daniels,* 178 Wash. 416, 35 P. (2d) 22.

The degree of care to be exercised by one driving along an arterial highway is ordinary or reasonable care under the existing circumstances. *Weikert v. Daniels, supra; Nystuen v. Spokane County,* 194 Wash. 312, 77 P. (2d) 1002. This requirement falls within the rules prescribed by Rem. Rev. Stat., Vol. 7A, § 6360-64 [P. P. C. § 296-1]. As succinctly stated in *Glatz v. Kroeger Bros. Co.,* 168 Wis. 635, 170 N. W. 934:

"The possession of this right does not of course justify the possessor in plunging ahead regardless of consequences nor in failure to exercise ordinary care to avoid injury to others, but the fact is an important one to be considered in deciding the question of negligence."

■ At the conclusion of the evidence in this case, the trial court rendered an oral decision analyzing that evidence and, in accordance with its analysis, made the findings of fact upon which this appeal is based. The court found that Karnowsky had stopped at the intersection, as required by law, and, after making proper observations relative to the presence or absence of other traffic, proceeded to cross the intersection. The court further found that the collision was occasioned solely by appellant's lack of observation and the speed at which he operated his truck, and that respondents, having taken all proper precautions, were without fault in the occurrence of the collision.

In our opinion, the evidence amply supports and warrants the findings. Having taken all proper preliminary precautions, Karnowsky was justified in proceeding forward, under the belief that he could safely cross the intersection. In his progress through the intersection he did everything that reasonably could have been done, or expected to be done, by him to avoid the collision. On the other hand, appellant failed to see what was almost directly ahead of him and, seemingly without taking any precaution what-

ever, "plunged ahead" along a course which made a collision inevitable, causing the injuries to himself and the damages to the other car as well as to his own.

The judgment is affirmed.

DRIVER, C. J., MILLARD, SIMPSON, and MALLERY, JJ., concur.