IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| MS. CHRISTY PEREZ, a married person, and MR. JASON SHERRELL, spouse of Ms. Perez, | No. 83916-1-I |
| Appellants, | |
| v. | |
| MR. ERIC STEEVER, marital status unknown; JOHN/JANE DOE STEEVER, spouse of Eric Steever; and the marital communities composed thereof, if any, and/or Wash. domestic partner(s), and the domestic partnership(s) composed thereof, if any exist, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, J. — Christy Perez and her spouse Jason Sherrell (collectively

Perez) appeals the summary judgment dismissal of her negligence claim against

Eric Steever for injuries sustained when her bicycle and Steever's car collided.

Because genuine issues of material fact preclude summary judgment, we

reverse and remand for further proceedings.

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

FACTS

West Nickerson Street in Seattle is a three-lane road with one westbound lane, a center two-way turn lane, and an eastbound lane.[1] A separate bike lane and a shoulder for parking run parallel with the westbound lane. There is also a shoulder running parallel with the eastbound lane.

At around 6:00 p.m. on July 20, 2016, Perez was riding her bicycle westbound on Nickerson in the marked bike lane. At that time, the opening of the Fremont drawbridge had brought the eastbound traffic on Nickerson to a stop. Perez wanted to access an alley on the other side of Nickerson, so she turned left from the bike lane, crossed the westbound traffic lane, and moved into the center two-way turn lane in front of the alleyway, where she saw a gap between two stationary eastbound cars. She briefly stopped in the center turn lane and made eye contact with the driver to her right. The driver "did a head nod," so she "walked" her bike forward between the two stopped cars in the eastbound traffic lane. She then "looked right" and "didn't see anybody," so she moved forward to enter the alley.

Around the same time, Steever pulled his car out of the stalled eastbound traffic, intending to pull into a Shell gas station ahead and to his right. He drove onto the shoulder, straddling the solid white line that separated it from the driving lane, and accelerated up to about 28 miles per hour (MPH). As Perez emerged

---

[1] While Nickerson runs in a northwest/southeast direction, we simply use west and east.

from between the two eastbound cars, she and Steever collided.  Perez suffered a "shattered" clavicle, lacerations, and head injuries from the collision.



On July 19, 2019, Perez sued Steever in King County Superior Court, alleging negligence.  Steever answered, claiming that Perez's injuries "were caused in whole or in part by [her] own negligence."

In October 2021, Steever moved for summary judgment.  He argued that only Perez was at fault for the collision because she had a duty to yield to all drivers when making a left turn, even if those drivers were travelling unlawfully.  On March 18, 2022, the trial court granted Steever's motion, dismissing Perez's claim.  Perez then moved for reconsideration, which the court denied.

Perez appeals.

ANALYSIS

Perez argues that the trial court erred by dismissing her negligence claim at summary judgment.  We agree.

3

We review orders on summary judgment de novo. Kim v. Lakeside Adult Fam. Home, 185 Wn.2d 532, 547, 374 P.3d 121 (2016). A court properly grants summary judgment when the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998) (citing CR 56(c)). The moving party bears the burden of proving there are no issues of material fact. Kim, 185 Wn.2d at 547. If the moving party meets its burden, the nonmoving party must then make a showing sufficient to establish the existence of each element essential to their case. Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990). We consider all evidence and reasonable inferences in the light most favorable to the nonmoving party. Kim, 185 Wn.2d at 547. "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

To establish negligence, a plaintiff must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Ranger Ins., 164 Wn.2d at 552. Summary judgment is proper if a plaintiff cannot meet any one of these elements. Id. at 552-53. The threshold question in a negligence action is whether the defendant owes the plaintiff a duty of care. Linville v. State, 137 Wn. App. 201, 208, 151 P.3d 1073 (2007).

All drivers owe a duty of care to other nearby drivers, including a duty to exercise ordinary care to avoid endangering others.  Martini ex rel. Dussault v. State, 121 Wn. App. 150, 160, 89 P.3d 250 (2004); see Hammel v. Rife, 37 Wn. App. 577, 581, 584, 682 P.2d 949 (1984) (affirming portion of jury instruction that stated the " 'duty to exercise ordinary care to avoid collisions rests upon both drivers' ").  And drivers may assume that others will obey the rules of the road.  Brown v. Spokane County Fire Prot. Dist. No. 1, 100 Wn.2d 188, 191-92, 668 P.2d 571 (1983).  A trier of fact may consider the violation of a traffic rule imposed by statute or ordinance as evidence of negligence.  RCW 5.40.050; see Pudmaroff v. Allen, 138 Wn.2d 55, 67-68, 977 P.2d 574 (1999).

Proximate cause consists of two elements—cause in fact and legal cause.  N.L. v. Bethel Sch. Dist., 186 Wn.2d 422, 436-37, 378 P.3d 162 (2016).  "Cause in fact" is the "but for" consequence of an act—" 'the physical connection between an act and an injury.' "  Id. at 437 (quoting Hartley v. State, 103 Wn.2d 768, 778, 698 P.2d 77 (1985)).  "Legal causation" refers to whether the defendant's conduct warrants legal liability as a matter of social policy and common sense.  Doherty v. Mun. of Metro. Seattle, 83 Wn. App. 464, 469, 921 P.2d 1098 (1996).  There may be more than one proximate cause of an injury.  Mehlert v. Baseball of Seattle, Inc., 1 Wn. App. 2d 115, 118, 404 P.3d 97 (2017).  Proximate cause is ordinarily a question for the jury unless reasonable minds could reach only one conclusion.  Id. at 119.

Perez argues summary judgment was improper because evidence supports her allegation that Steever violated the rules of the road.  We agree.

It is unlawful to "operate or drive any vehicle . . . over or along any pavement . . . on a public highway with one wheel or all of the wheels off the roadway." RCW 46.61.670. The "roadway" is the "portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the sidewalk or shoulder." RCW 46.04.500. The "shoulder" is the "area between the roadway edge and the sidewalk." Seattle Municipal Code (SMC) 11.14.565. And generally, a solid white line marks the edge of the roadway. See WAC 468-95-190 (pavement edge lines shall be used and right edge lines shall be white); FED. HIGHWAY ADMIN., U.S. DEP'T OF TRANSP., MANUAL ON UNIFORM TRAFFIC CONTROL DEVICES FOR STREETS AND HIGHWAYS §§ 3B.06.01, .04 (2009 ed. rev. May 2012) (right edge line pavement markings shall be a solid white line to show the right-hand edge of the roadway). Viewing the evidence in a light most favorable to Perez, Steever drove off the roadway by straddling the solid white line dividing the roadway from the shoulder to bypass stalled traffic. From this evidence, a reasonable juror could conclude that Steever violated the rules of the road and was a proximate cause of the collision.[2]

Steever disagrees. He says that a statute permitting him to pass stopped traffic on the right so long as the roadway is wide enough to allow for two lanes of traffic entitles him to judgment as a matter of law. Indeed, under RCW 46.61.115(1)(b), a driver may pass another driver on the right "[u]pon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles

---

[2] Perez argues that the evidence also supports violations of several other rules of the road. Because we conclude issues of material fact as to whether Steever unlawfully drove on the shoulder preclude summary judgment, we need not reach those arguments to resolve this appeal.

6

moving lawfully in the direction being traveled by the overtaking vehicle." But a driver may overtake and pass another vehicle on the right "only under conditions permitting such movement in safety." RCW 46.61.115(2). And the movement "shall not be made by driving off the roadway." Id. Here, evidence supports Perez's allegation that Steever was driving at least partly off the roadway as he straddled the solid white line separating the roadway from the shoulder. And a reasonable juror could conclude that the line of stalled cars blocking Steever's view to his left created unsafe conditions for such movement. Particularly at a speed of up to 28 MPH.[3]

Steever next argues that even if he was driving on the shoulder, he was still doing so lawfully. He points to SMC 11.53.180, which permits travel along the shoulder of a road to gain access to an "adjacent" property.

We review local ordinances de novo and interpret them the same as statutes. Kitsap County v. Mattress Outlet, 153 Wn.2d 506, 509, 104 P.3d 1280 (2005). If an ordinance is unambiguous, we apply its plain meaning. Sleasman v. City of Lacey, 159 Wn.2d 639, 643, 151 P.3d 990 (2007). When a statutory term is undefined, we may look to a dictionary for its ordinary meaning. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 528, 243 P.3d 1283 (2010) (quoting State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010)).

SMC 11.53.180 does not define the word "adjacent," so we look to a dictionary to determine its ordinary meaning. The dictionary defines "adjacent"

---

[3] Steever argues White v. Solaegui, 62 Wn. App. 632, 815 P.2d 784 (1991), supports his argument that he was travelling lawfully. But in that case, the driver passing on the right travelled entirely on an unmarked portion of the roadway. Id. at 633-34.

as "relatively near and having nothing of the same kind intervening."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 26 (2002).  The evidence shows that Steever and Perez collided at the intersection of Nickerson and the alleyway. The Shell station is located beyond the entrance to the alleyway.  As a result, a reasonable juror could conclude that the Shell station was not an adjacent property to Steever under SMC 11.53.180.

Still, Steever argues that even if he drove unlawfully on the shoulder, he is entitled to judgment as a matter of law because Perez had the primary duty to yield the right-of-way as a left turning driver.

The driver of a vehicle intending to turn to the left within an intersection or into an alley "shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."  RCW 46.61.185(1).  The oncoming driver— here, Steever—is the favored driver, and the primary duty to yield the right-of-way rests with Perez, the disfavored driver.  Bowers v. Marzano, 170 Wn. App. 498, 506, 290 P.3d 134 (2012).  That duty rests with the disfavored driver "even if it can be shown that the oncoming vehicle was proceeding unlawfully."  Doherty v. Mun. of Metro. Seattle, 83 Wn. App. 464, 470, 921 P.2d 1098 (1996).

But " 'all rights of way are relative and the duty to avoid accidents or collisions at street intersections rests upon both drivers.' "  Hough v. Ballard, 108 Wn. App. 272, 288, 31 P.3d 6 (2001) (quoting Bennett v. Karnowsky, 24 Wn.2d 487, 491, 166 P.2d 192 (1946)).  So, as much as Perez may have violated RCW 46.61.185(1), her negligence does not release Steever from his duty to use

reasonable care. Instead, it amounts to evidence of comparative negligence. See RCW 4.22.005.[4] And it is up to the finder of fact to apportion comparative fault. Hough, 108 Wn. App. at 288; "Jane Doe" v. Corp. of President of Church of Jesus Christ of Latter-Day Saints, 141 Wn. App. 407, 439, 167 P.3d 1193 (2007) (" '[U]nder comparative fault principles, the trier of fact must allocate fault between a negligent plaintiff and a negligent defendant.' ") (quoting Tegman v. Accident & Med. Investigations, Inc., 150 Wn.2d 102, 117, 75 P.3d 497 (2003)).

Steever says Doherty compels a different result. He is incorrect. In Doherty, the plaintiff sued the city of Seattle for wrongful death after a head-on collision with a city bus killed his wife. 83 Wn. App. at 465-66. Before the fatal collision, the bus driver had started a left turn into a nearby parking lot but paused in the intersection, blocking traffic. Id. at 466. Meanwhile, the plaintiff's wife had gone into hypoglycemic shock and lost control of her car. Id. Her car

> struck the rear of two cars at a stoplight, careened into the median, and ran through a red light. It veered back into the northbound lanes, swerved to the left, sideswiped a southbound car, swung back across both northbound lanes and ricocheted off the curb. It veered to the left again and, traveling diagonally across the northbound lanes, crashed head-on into [the city] bus.

Id.

---

[4] RCW 4.22.005 provides:

In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery. This rule applies whether or not under prior law the claimant's contributory fault constituted a defense or was disregarded under applicable legal doctrines, such as last clear chance.

The plaintiff argued that the bus driver negligently failed to yield the right-of-way to his wife. Doherty, 83 Wn. App. at 467. The city moved for summary judgment, arguing that the plaintiff could not establish proximate cause because "the accident and resulting injuries would have occurred even if the bus had fully stayed within its left turn pocket." Id. In opposition, the plaintiff submitted the affidavit of an accident reconstructionist who opined that had the bus stayed in its left turn lane, the severity of the accident "would have been substantially less." Id. The trial court granted the city's motion. Id. at 468. Division Two of our court reversed, acknowledging that the bus driver was the disfavored driver and had the primary duty to yield, even if the oncoming car travelled unlawfully. Id. at 470.

But Doherty does not hold that a left turning driver's primary duty to yield relieves the oncoming driver of any liability for his own negligent acts. Indeed, Division Two determined only that each driver's actions raised material issues of fact and remanded the case for trial. Id. at 471.

Finally, Steever argues that he is entitled to judgment as a matter of law because even if he was negligent, Perez cannot show his actions were a proximate cause of the collision. He claims that because he was the favored driver, "Perez had the burden to prove Mr. Steever's 'point of notice' to avoid summary judgment."

"The point where a favored driver realizes a disfavored driver will not yield the right-of-way is the point of notice." Bowers, 170 Wn. App. at 506. From the point of notice, the favored driver "enjoys a reasonable reaction time to avoid a collision." Id.

> [S]peed in excess of that permitted by statute or ordinance is not a proximate cause of a collision if the favored driver's automobile is where it is entitled to be, and the favored driver would have been unable to avoid the collision even if driving at a lawful speed.

Channel v. Mills, 77 Wn. App. 268, 276-77, 890 P.2d 535 (1995) (citing Grobe v. Valley Garbage Serv., Inc., 87 Wn.2d 217, 220, 551 P.2d 748 (1976)). Courts recognize that speed is not the proximate cause of a collision if it merely brings the favored and disfavored drivers to the same location at the same time. Id. Instead, the disfavored driver must show that the favored driver had a "point of notice" from which a trier of fact could determine whether a reasonable driver could have slowed or swerved to avoid the collision. Id. at 278-79; see Bowers, 170 Wn. App. at 506-07.

The point of notice applies to collisions caused by speed when the oncoming car "is where it is entitled to be." See Channel, 77 Wn. App. at 276-79. But Perez alleges Steever caused the collision by passing a line of stationary cars on the right, creating an obstructed line of vision. And while Perez alleges speed as a contributing cause, questions of fact remain about whether Steever was in a place he was entitled to be.

Because genuine issues of material fact preclude summary judgment, we reverse and remand for further proceedings.[5]

Brunner, J

WE CONCUR:

Díaz, J.                              Chung, J.

---

[5] Steever asks for an award of fees and costs under RAP 14.2 as the prevailing party on appeal. Because he is not the prevailing party, we deny his request.